ERNEST E. SUTTON, Respondent, *v.* ROBERT H. DUNTLEY, Sued by the Name of " Robert," His True First Name Being Unknown to Plaintiff and His Initials Being " R. H.," Appellant.

Fourth Department, May 16, 1923.

**Pleadings — motion to strike out answer as frivolous must be noticed within twenty days after service of answer — Rules of Civil Practice, rule 105, applied — motion may be treated as for judgment on pleadings — landlord and tenant — action by landlord to recover damages for breach of lease — action based on failure of tenant to clear land — defense that plaintiff was New York Indian not sufficient — Indian Law, §§ 8 and 56, applied — denials of knowledge or information sufficient to form belief did not raise issue — denial as to damages did not raise issue.**

A motion by the plaintiff to strike out the answer as frivolous must be made under rule 105 of the Rules of Civil Practice within twenty days after the service of the complaint, but inasmuch as the relief sought on such a motion is similar

to that on a motion for judgment on the pleadings, the motion in this case will be considered as one for judgment on the pleadings and as such it was made in time.

In an action to recover damages for failure to perform a covenant in a lease obligating the tenant to clear brush and trees from a portion of the land, an affirmative defense that the plaintiff is a New York Indian and that the leased land was on an Indian reservation, is not sufficient under the provisions of sections 8 and 56 of the Indian Law, since there was no allegation that the lease was to enable the defendant to settle or reside upon the reservation or that the land was not wild land allotted to the plaintiff.

The capacity of a New York Indian to maintain an action in our courts is established.

The denials of knowledge or information sufficient to form a belief as to certain allegations raise no issue since the allegations related to matters necessarily within the knowledge of the defendant.

The denials of the allegations as to the amount of damages raise no issue requiring a trial.

APPEAL by the defendant, R. H. Duntley, from an order of the Supreme Court, made at the Chautauqua Trial Term on the 6th day of February, 1923, granting plaintiff's motion, made when the case was reached for trial, to strike out the answer as frivolous.

*Robert H. Jackson [Gerald A. Herrick* of counsel], for the appellant.

*Lee L. Ottaway,* for the respondent.

SEARS, J.:

When this case was reached for trial at the Chautauqua Trial Term, the plaintiff moved to strike out the defendant's answer as frivolous. This motion was improper in form, for such a motion must be noticed within twenty days from the service of the pleading to which the motion is addressed. (Rules Civ. Prac., rule 105.) In this case no notice was given, and more than twenty days had elapsed. It was, however, at that time open to the plaintiff to move for judgment on the pleadings, and as the relief sought on either motion would be practically the same, we treat the motion made as one for judgment on the pleadings.

The complaint alleged a lease by the plaintiff to the defendant of a certain farm for a period of three years, and that as a part of the consideration the defendant agreed to cut and remove, and burn and clear of brush and trees a portion of the land, and further alleged an occupation of the premises by the defendant throughout the term of the lease and a breach of the agreement to clear the premises and damage by reason of these facts in the sum of $190. The answer was a general denial upon information and belief and affirmative defenses to the effect that the plaintiff was a New York Indian and the leased land was on an Indian reservation. It was not alleged that the lease was to enable the defendant to

settle or reside upon the reservation, nor that the land was not wild land allotted to the plaintiff. The affirmative defenses were, therefore, insufficient under the provisions of sections 8 and 56 of the Indian Law.

The capacity of a New York Indian to maintain an action in our courts is established. (Indian Law, § 5; *Hatch* v. *Luckman,* 64 Misc. Rep. 508; affd., 155 App. Div. 765; *Onondaga Nation* v. *Thacher,* 29 Misc. Rep. 428; affd., 53 App. Div. 561; affd., 169 N. Y. 584.)

The denials upon information and belief of the allegations of the complaint, except as to the damages, related to matters necessarily within the knowledge of the defendant, and such a traverse of such allegations raised no issue (*Dahlstrom* v. *Gemunder,* 198 N. Y. 449; *Bloch* v. *Bloch,* 131 App. Div. 859; *Allen* v. *National Surety Co.,* 144 id. 509); nor did the denial of the allegation of damages require a trial. (*Thompson* v. *Lumley,* 7 Daly, 77; *Howell* v. *Bennett,* 74 Hun, 558.)

In granting the motion for judgment the court could at the same time have required the jury to assess the damages. (Civ. Prac. Act, § 460; *Lewis* v. *City Realty Co.,* 158 App. Div. 733.) The court did not do so, however, but gave the defendant an opportunity to amend, which was within the court's power, and in case the defendant failed to take advantage of the privilege, the case thereafter would be similar to one where there had been a failure to plead, and judgment should then be taken as provided in the Civil Practice Act, sections 489, 490 and 491.

The order appealed from should be modified by striking out the paragraph ordering the answer stricken out as frivolous, and by amending the paragraph ordering judgment to read: " Ordered, that the plaintiff have judgment against the defendant for such sum as the court may assess upon application made as provided in Civil Practice Act, sections 489, 490 and 491, unless the defendant within ten days after service of a copy of this order serve an amended answer and pay ten dollars, costs of motion." and as so modified should be affirmed.

All concur.

Order modified in accordance with opinion and as modified affirmed, without costs of this appeal to either party.