LOMA CORPORATION, Plaintiff, *v.* TOM WING et al., Defendants.

Supreme Court, Kings Special Term, April 15, 1924.

Pleadings — motion to strike out separate defense in answer as sham and for order granting plaintiff judgment on pleadings — matter alleged as complete defense in answer presumed to be embodied in subsequent agreement and is sham — denial with reference to damages raises no issue — motion granted.

A motion by the plaintiff to strike out a separate defense in defendant's answer as sham and for judgment on the pleadings will be granted where it appears that the matter relied on as a complete defense in defendant's answer having transpired, if at all, before the execution of the agreement sued upon, is presumed to be embodied in it and, therefore, is sham; and that the denial in the answer with reference to damages raises no issue requiring a trial in the ordinary course.

MOTION by plaintiff to strike out the separate defense in defendant's answer as sham, and for an order granting plaintiff judgment on the pleadings, and an order for an assessment of damages.

*Oscar A. Lewis,* for the plaintiff.

*Amy Wren,* for the defendant Chan.

CARSWELL, J.    This is a motion to strike out the separate defense in the answer as a sham, and for an order granting plaintiff judgment on the pleadings, and an order for an assessment of damages, providing therein that the defendant shall be credited with the full amount pleaded in the partial defense set out in the answer.    The only questions argued are (a) the sufficiency in law of the separate defense in paragraph 2 of the answer; and (b) whether the denial in the answer of paragraph 7 of the complaint, which alleges unliquidated damages in the sum of $30,000, raises an issue which precludes the making of an order for assessment.

The separate defense is sham.    The written lease, relied on by the plaintiff as being the repository of all agreements between the parties, must be held to be such.    The matter relied on as a complete defense in paragraph 2 in the answer having transpired,

if at all, before the execution of the agreement, is presumed to be embodied in it, so far as it has any effect upon the relations of the parties. It is clearly sham.

The denial in the answer of paragraph 7 of the complaint with reference to damages raises no issue requiring a trial in the ordinary course. *Sutton* v. *Duntley*, 205 App. Div. 660, 662; *Lewis* v. *City Realty Co.*, 158 App. Div. 733; *Hackett* v. *Richards*, 3 E. D. Smith, 13, 31; Civ. Prac. Act, § 460. This does not mean that the defendant may not contest the items of damages when they are being sought to be assessed by a jury. The defendant may appear and be heard on such an assessment. The denial of the allegation of damages may not be used to postpone such judgment as the plaintiff may be entitled to. Accordingly, since an opportunity to amend would not avail the defendant anything, the motion is granted striking out the separate defense in paragraph 2 of the answer and granting plaintiff judgment on the pleadings, and providing for an assessment of damages pursuant to section 460 of the Civil Practice Act with a credit of $500, as pleaded in the partial defense. ·

Ordered accordingly. _____