Marion Gise, an Infant, by Hannah Kenny, Her Guardian ad Litem, Appellant, v. The Brooklyn Society for the Prevention of Cruelty to Children, Respondent.— On defendant's motion to resettle our order of October 7, 1932,

* See Laws of 1901, chap. 466, § 164, as amd. by Laws of 1903, chap. 514.— [Rep.

our decision of October 7, 1932 [*ante,* p. 800], is amended so as to read as follows: Order reversed upon the law and, as to the first cause of action contained in the complaint, motion granted, without costs, and judgment on the pleadings upon the first cause of action directed in favor of plaintiff and against the defendant for such sum as damages under that cause of action as the court may assess upon an application made as provided in sections 489, 490 and 491 of the Civil Practice Act, with costs. The second cause of action contained in the complaint is dismissed as insufficient to state a cause of action. In our opinion, the second cause of action is insufficient because we think that plaintiff's detention was under a valid process of the Children's Court. That court has jurisdiction to commit as a material witness a child under the age of sixteen years, even though such child is not delinquent, neglected, etc. The denials and defenses contained in the answer are insufficient in law as to the first cause of action and should be stricken out. The plaintiff is, therefore, entitled to judgment on the first cause of action for her damages to be assessed as above provided. Order denying plaintiff's motion for resettlement affirmed, without costs. In our opinion, our original decision erroneously indicated that there should be a trial of the issue of damages in the ordinary sense. The denial contained in the defendant's answer of the allegation of plaintiff's damages contained in the complaint raised no issue requiring such trial. (See *Loma Corporation* v. *Wing,* 123 Misc. 222; *Sutton* v. *Duntley,* 205 App. Div. 660, 662; *Lewis* v. *City Realty Co.,* 158 id. 733; *McClelland* v. *Climax Hosiery Mills,* 252 N. Y. 347, 352.) The defendant, of course, will be entitled to notice of the assessment of plaintiff's damages and may appear and cross-examine plaintiff's witnesses and offer testimony upon the question of damages solely. (*McClelland* v. *Climax Hosiery Mills, supra.*) Our order of October 7, 1932, is resettled to conform with the decision as amended. Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted and the following questions certified: 1. Does the statement of new matter contained in the second separate defense constitute a defense to the first cause of action set forth in the complaint? 2. Does the statement of new matter contained in the third separate defense constitute a defense to the first cause of action set forth in the complaint? 3. Does the statement of new matter contained in the fourth separate defense constitute a defense to the first cause of action set forth in the complaint? Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.