AIKEN MILLS, INC., Appellant, *v.* BOSS MANUFACTURING COMPANY, Respondent.

First Department, June 20, 1933.

*Thornton Alexander*, for the appellant.

*H. A. Cushing* of counsel [*Frederick N. Van Zandt* with him on the brief; *H. A. Cushing*, attorney], for the respondent.

TOWNLEY, J. Plaintiff's action was brought to recover money paid by it for work, labor and services performed at defendant's request amounting to $6,051.51. Defendant had purchased certain goods from plaintiff which were still at plaintiff's mill on October 1, 1929. On that date the cloth was damaged by a flood. Thereafter plaintiff seller sued the defendant buyer for the price of the goods in the Federal court. In that action among the questions litigated were whether title had passed and whether the flood which had damaged the goods had happened owing to the negligence of the plaintiff. This litigation resulted in a judgment for the plaintiff for $43,541.35 and a dismissal of the counterclaims.

After the flood the goods were in such a condition that action had to be taken to preserve them from total destruction. While the defendant at that time did not admit liability for the price of the goods, it wrote as follows: " In view of the absence of definite information and of the apparent need of prompt action in protecting these goods, and in order that the matter may not be delayed by any inaction on our part, we may say that we will concur in any proper steps toward the preservation of these goods, subject to later determination of two elements: (1) Whether the title to these damaged goods is now in ourselves; and (2) Whether the Langley Mills has been delinquent and has committed a breach of contract in not placing proper insurance on these goods." The amount sued for in the present action is the amount allegedly expended to preserve the goods in accordance with this authorization.

As a defense to the present action, defendant is again attempting to set up the negligence of the plaintiff. Apparently realizing, however, that the doctrine of res judicata prevents the relitigation of the negligence issue in this action, it claims on this appeal that the other issues to be litigated are the amount of work done, whether the work alleged to have been done was necessarily done, the actual amount of money paid out by the plaintiff, and whether or not such moneys represented the reasonable value of such work.

Under the recent amendment to rule 113 of the Rules of Civil Practice, when an answer is served in an action to recover an unliquidated debt or demand for a sum of money only arising on a contract, express or implied in fact, if the defendant shall fail to show such facts as may be deemed to present any triable issue of fact other than the question of the amount of the damages for which judgment should be granted, an assessment to determine such amount shall forthwith be ordered. The questions raised by the defendant as still litigable are entirely concerned with the amount of the unliquidated damages.

The order should be reversed, with twenty dollars costs and disbursements, and the motion should be granted, with ten dollars costs, and an assessment ordered to determine the amount due plaintiff.

FINCH, P. J., and O'MALLEY, JJ., concur; MARTIN and GLENNON, JJ., dissent.

Ordered reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, and an assessment ordered to determine the amount due plaintiff. Settle order on notice.