SYLVAIN R. LIVINGSTON, Respondent, *v.* ALFRED C. BLUMENTHAL, Appellant. (Action No. 2.)

First Department, June 23, 1936.

*Jacob Krisel* of counsel [*Mendes, Krisel & Lessall*, attorneys], for the appellant.

*Harry A. Bloomberg* of counsel [*Sol Ringel* with him on the brief; *Bloomberg & Bloomberg*, attorneys], for the respondent.

COHN, J.   The action is to recover the reasonable value of professional services rendered to defendant by plaintiff's assignor in various legal matters enumerated in the complaint.

The documentary evidence submitted upon the motion, together with the affidavits and pleadings, sufficiently establish that there are no triable issues of fact and that only the amount of damages, that is, the value of the professional services rendered, remains for determination.

Defendant contends that as there is an issue, namely, one of damages, to be tried, it necessarily follows that a jury trial upon all issues becomes a matter of right. An assessment of damages before a jury, he urges, is not sufficient since it would not be a jury trial, and that accordingly rule 113 of the Rules of Civil Practice, in so far as it permits summary judgment where there is an issue of damages, is unconstitutional, in that it deprives a litigant of a jury trial in an action for money damages. That this contention is without merit seems settled. (*379 Madison Avenue, Inc.,* v. *Stuyvesant Co.,* 242 App. Div. 567, 568; affd., 268 N. Y. 576. Cf. also *Aiken Mills, Inc.,* v. *Boss Manufacturing Co.,* 238 App. Div. 605.) In these cases it has been held that under the provisions of rule 113 of the Rules of Civil Practice (as amd. May 11, 1933, in effect June 15, 1933), where the cause of action pleaded is for the recovery of an unliquidated demand for a sum of money only arising on an express contract, summary judgment may be granted if only the question of damages remains open, by the direction for an assessment to determine the amount thereof.

An allegation of damage is not a traversable allegation; it is a mere conclusion of law. (*McClelland* v. *Climax Hosiery Mills,* 252 N. Y. 347, 351; *Emery* v. *Baltz,* 94 id. 408, 412.) Even though the pleadings and affidavits clearly show that there is here a dispute as to the amount of damages, such question is no bar to summary judgment.

The breach of the contract is the gist of the action. As the failure to pay for the services rendered has been established upon the motion for summary judgment, plaintiff is entitled to damages. (*Connoss* v. *Meir,* 2 E. D. Smith, 314.) Plaintiff's allegation of damages raises no issue requiring a trial in the ordinary course. (*Gise* v. *Brooklyn Society for Prevention of Cruelty to Children,* 236 App. Div. 852; *Sutton* v. *Duntley,* 205 id. 660; *Lewis* v. *City Realty Co.,* 158 id. 733.)

Defendant asserts that in any event it is his constitutional right to have the damages assessed by a jury. Rule 113 provides that the assessment to determine the amount of damages shall be had forthwith for immediate hearing " by a referee, by the court alone, or by the court and a jury, whichever shall be appropriate." What is appropriate depends on the rights of the defend-

ant as they exist when the motion for summary judgment is made. Section 2 of article 1 of the State Constitution provides for a trial by jury in all cases in which it has been heretofore used. Under the common law, however, the assessment of damages, whether liquidated or unliquidated, was never referable as of right to a jury. This was pointed out by former Presiding Justice FINCH, now Judge of the Court of Appeals, in an article on " Summary Judgment Procedure," appearing in the American Bar Association Journal of September, 1933 (19 Am. Bar Assn. Jour. 504, 507; see, also, 7 Yale Law Jour. 311; *Beardmore* v. *Carrington*, [1764] 2 Wils. 244–248; *Bruce* v. *Rawlins*, [1770] 3 id. 61; *Raymond* v. *Danbury & Norwalk R. R. Co.*, [1877] 14 Blatchf. 133; 20 Fed. Cas. 332; *Brown* v. *Van Braam*, [1797] 3 Dall. [U. S.] 344; 7 Vin. Abr. 301), although some authority appears to the contrary. (*Central & Montgomery R. R. Co.* v. *Morris*, 68 Tex. 49; 3 S. W. 457; *Hickman* v. *Baltimore & Ohio R. R. Co.*, 30 W. Va. 296; 4 S. E. 654; 7 id. 455.)

The procedure for assessment under rule 113 of the Rules of Civil Practice is similar to that pursued in a situation where there is failure to plead, and judgment must be taken pursuant to sections 489, 490 and 491 of the Civil Practice Act. (*Sutton* v. *Duntley*, *supra.*)

Under section 490 of the Civil Practice Act the manner of assessment, except where the action is brought to recover damages for a personal injury or an injury to property, is left to the discretion of the court. So, too, under section 460 of the Civil Practice Act the jury, under the direction of the court, " also may assess the amount of the damages, where the court directs judgment for plaintiff on the pleadings." Where summary judgment for the plaintiff is rendered upon all issues and only the amount of damages remains, the court is vested with like discretion and it may direct an assessment to determine such amount by a referee, by the court alone, or by the court and jury.

Had the direction for summary judgment not intervened in this case, defendant would have been entitled as a matter of right to a jury trial upon the issues. (Civ. Prac. Act, § 425.) The defendant had not done anything or omitted to do any act which constituted a waiver of such right. (Civ. Prac. Act, § 426.) The nature of defendant's opposition to this motion furnished a clear indication of his desire to have the assessment of damages by a court and jury should summary judgment be granted. We believe it is appropriate in a case such as this where damages are unliquidated and where the right to a jury trial of the action had not been waived, to direct the assessment of damages by a court and jury.

The Special Term rightly ordered defendant's answer stricken out, but in the circumstances the order, in the proper exercise of the court's discretion, should have provided for an assessment of damages by the court and jury, rather than by a referee.

The order should accordingly be modified by providing that the assessment for damages be heard before a court and jury, and as so modified affirmed, with twenty dollars costs and disbursements to appellant.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Order unanimously modified by providing that the assessment for damages be heard before a court and jury, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.