SAMUEL F. FRANK and Others, Copartners Associated under the Firm Name and Style of FRANK, WEIL & STROUSE, Plaintiffs, *v.* MORLEY S. WOLFE, Defendant.

Supreme Court, Special Term, New York County, January 10, 1938.

*Paul Moskowitz* [*Samuel F. Frank* of counsel], for the plaintiffs.

*Esther L. Koppelman,* for the defendant.

McLAUGHLIN (CHARLES B.), J. The plaintiffs move to modify the report of a referee by striking out the amount the latter awarded, viz., $500, and substituting the figure of $2,500. Originally, the action was brought to recover the sum of $2,500 for professional

services rendered by the plaintiffs as attorneys for the defendant's wife during a matrimonial controversy. The plaintiffs made a motion for summary judgment under rule 113 of the Rules of Civil Practice, and an order of reference was made which designated the referee to take proof and report as to the assessment of damages. The plaintiffs submitted proof by way of expert testimony to the effect that the services were reasonably worth $3,500. The referee found that they were worth only $500, and the plaintiffs feel aggrieved thereby. Their remedy, however, is not for this court but rather for the Appellate Division.

The question presented here is whether a referee appointed to assess damages, pursuant to rule 113 of the Rules of Civil Practice, is a referee to hear and report or a referee to hear and determine. If he is the latter, the objection filed to his report on the ground of inadequacy may not be passed upon by this court, but can be questioned only by way of appeal.

The provisions of rule 113 relating to assessments for damages have been likened to the provisions of section 489 to section 491 of the Civil Practice Act, providing for assessment of damages in cases where there is a failure to plead and judgment may not be entered by the clerk without application to the court. (*Livingston* v. *Blumenthal*, 248 App. Div. 138.) Where a referee is appointed to assess damages in a case where the defendant has defaulted in appearing or pleading, it is expressly provided by statute that the reference may be either one to hear and report or one to hear and determine, depending upon the court's order. Thus, section 490 of the Civil Practice Act reads as follows: " Where a reference * * * is directed, the court * * * may direct that the report * * * be returned to the court * * * for further action; or, except where special provision is otherwise made by law, may direct that final judgment be entered by the clerk in accordance with the report of the referee * *. * without any further application." The provisions of rule 113 of the Rules of Civil Practice are, however, worded in entirely different language: " an assessment to determine such amount shall forthwith be ordered for immediate hearing to be tried by a referee * * *. Upon the rendering of the assessment, judgment in the action shall be rendered forthwith." The use of the word " determine " and the provision that " judgment * * * shall be rendered forthwith " seem to indicate an intention to give the referee's report the status of a report by a referee to hear and determine. There is not even a provision that application to the court is necessary in order to enter judgment upon the referee's report.

Even apart from the wording of rule 113, it would seem that a referee appointed to assess damages should, in the absence of statutory provisions to the contrary, be treated as a referee to hear and determine.   The general rule is that where a referee is appointed to pass upon all the issues in the action, he is a referee to hear and determine, regardless of the language used in the order appointing him.  (See Civ. Prac. Act, § 470, subd. 2, and its predecessor, Code Civ. Proc. § 1228.)   The court having determined by the order granting the motion to strike out the answer that the only issue in the action is the issue of damages, the referee appointed to " determine " and " try " that issue is, in reality, a referee appointed to try all the issues in the action, and, therefore, a referee to hear and determine.   In my opinion, both the wording of rule 113 of. the Rules of Civil Practice and the general principles relating to the distinction between a referee to hear and determine and a referee to hear and report require a holding that a referee appointed to assess damages, pursuant to rule 113 of Rules of Civil Practice, is a referee to hear and determine, and that his report as to the damages may be reviewed only upon appeal to the Appellate Division.

The fact that the order appointing the referee uses the words " to take proof forthwith and report," and further provides that " the plaintiff may move to confirm the same and for judgment to be entered thereon," does not affect this conclusion, for it appears to be well settled that the language used in the order appointing the referee is not controlling in determining whether he is a referee to hear and determine or one to hear and report.   (*Dean* v. *Driggs*, 82 Hun, 561; affd., 145 N. Y. 595; *Matter of Cartier* v. *Spooner*, 118 App. Div. 342.)

Under these circumstances, the referee had the same power and authority as a justice of this court.   The motion to modify his report is denied.