Jamaica Water Supply Company, Plaintiff, *v.* The City of New York, Defendant.*

Supreme Court, Special Term, Queens County, January 13, 1938.

* Affd., 254 App. Div. 323.

*Leslie, Holt, Halstead & Frost* [*Jackson A. Dykman* and *Jules Haberman* of counsel], for the plaintiff.

*Paul Windels, Corporation Counsel* [*William G. Mulligan, Jr.,* and *Herman Horowitz* of counsel], for the defendant.

DALY, J.  In an action to recover $783,217.16 and interest for water supplied for public fire protection, etc., the plaintiff moves for summary judgment.

It claims it is entitled to be paid for such service at the annual rate of forty-five dollars per hydrant from January 1, 1934, to February 29, 1936, and at the annual rate of forty dollars per hydrant from March 1, 1936, to December 31, 1936.

By concession the plaintiff is entitled to judgment for the period commencing March 1, 1936, at the annual rate of forty dollars per hydrant.  The controversy remains, however, as to the prior period embraced in this action.

On December 20, 1929, the then commissioner of water supply, gas and electricity notified the plaintiff that he fixed and established the rate of forty-five dollars per annum per hydrant, as of January 1, 1929.  Between January 1, 1929, and December 31, 1933, such was the rate paid by the defendant to the plaintiff for water supplied to it.  On January 10, 1934, the then commissioner of water supply, gas and electricity notified the plaintiff that the rate thus fixed was rescinded as of January 1, 1934, and requested data to permit the establishment of a new rate.

The plaintiff, however, continued to furnish water to the city and to bill it and file claims with the comptroller at the annual rate of forty-five dollars per hydrant, and never accepted the annual rate of eighteen dollars and fifty cents per hydrant which the said commissioner, purporting to act under section 472 of the charter, sought subsequently to fix by letter dated December 27, 1934, effective from January 1, 1934.

Prior to July, 1931, private water works corporations were not under the jurisdiction of the Public Service Commission.  Chapter 715 of the Laws of 1931, effective July 1, 1931, added a new article to the Public Service Law, entitled article 4-B, which for the first time subjected such corporations to the jurisdiction of the Public Service Commission.

On June 16, 1931, the Public Service Commission made an order which required every water works corporation subject to its juris-

diction to file schedules of rates and charges with respect to distribution, sale or furnishing of water for domestic, commercial or public use.

On August 29, 1931, the plaintiff, pursuant to the aforesaid order, filed its tariff schedule " P. S. C. No. 1, Water," which set forth the annual rate of forty-five dollars per hydrant for public fire protection to the city of New York, effective September 1, 1931.

On September 1, 1931, the plaintiff filed its tariff schedule " P. S. C. No. 2, Water," with the Public Service Commission, effective November 1, 1931; and on September 25, 1933, it filed tariff schedule " P. S. C. No. 3, Water," effective November 1, 1933. In both of these schedules the forty-five-dollar annual rate set forth in " P. S. C. No. 1, Water," was continued. All three schedules contain the following statement: " *Rate fixed by order of Commissioner of Department of Water Supply, Gas and Electricity of the City of New York, dated January 1, 1929.*"

In October, 1934, the Public Service Commission by order instituted proceedings for the investigation of the rates, charges or classifications of service for water sold and delivered by the plaintiff, and after an extensive investigation and hearings in such proceedings the said Commission, among other things, determined the rates to be charged the defendant by the plaintiff for hydrant service, at a flat annual rate of forty dollars per hydrant, effective March 1, 1936.

It is the contention of the plaintiff that at no time was there any contract between it and the city fixing the rate of the per hydrant service. Therefore, exclusive jurisdiction to determine that rate vested in the Public Service Commission after July 1, 1931. Since such rate was forty-five dollars per hydrant per annum, as fixed in the schedules aforementioned, filed with the Public Service Commission, of all of which the defendant concededly had notice, that was the only lawful rate established up to March 1, 1936, at which time the new annual rate of forty dollars per hydrant became effective.

The city's contention, on the other hand, is that the Public Service Commission, up to March 1, 1936, never determined the rate, for in the language of the schedules themselves the rate therein contained was referred to as " fixed by order of Commissioner of Department of Water Supply, Gas and Electricity of the City of New York, dated January 1, 1929." Moreover, that order constituted a contract between the parties, terminable at will, which deprived the Public Service Commission of jurisdiction to determine rates. Consequently until a new contract was entered

into, or in the absence thereof the rate established by the Public Service Commission, there was no fixed rate and, therefore, the plaintiff is entitled to receive only the fair and reasonable value of its services which the city is prepared to establish in the sum of eighteen dollars and fifty cents per hydrant per annum, and that this can be resolved only at a trial.

In the recent decision in *City of New York* v. *Maltbie* (274 N. Y. 90, 98), wherein the court considered the complaint of the city of New York in an action for a declaratory judgment adjudging that the Public Service Commission had no jurisdiction to fix, investigate or regulate hydrant rates for hydrant services rendered by the plaintiff herein, and that the annual rate of forty dollars per hydrant fixed by the Public Service Commission and effective March 1, 1936, be declared null and void, the court said, concerning the jurisdiction of the Public Service Commission, as follows (at p. 99): " When there is in existence a contract between a municipality and a water works company for water for a public use, the Public Service Commission is without authority to fix a rate therefor. If, however, there is no contract in force, the Commission, upon written complaint as provided for in section 89-i shall conduct an investigation and fix a rate."

I am of opinion that until January 1, 1934, when the rate of forty-five dollars per hydrant was rescinded by the defendant, the hydrant services to the city were determined on the basis of the rate fixed by the commissioner of water supply, gas and electricity in his letter of December 20, 1929, and not through any action on the part of the Public Service Commission. True, the schedules filed by the plaintiff from time to time (P. S. C. No. 1, Water; P. S. C. No. 2, Water, and P. S. C. No. 3, Water), contained the rates to be charged to the defendant, but those rates were therein referred to as " fixed by order of the Commissioner of Department of Water Supply," etc., and that order was appended to such schedule. The acceptance of that order of the commissioner of water supply, etc., by the plaintiff, created a contract between the parties, and it was that contract, and not the schedules filed with the Public Service Commission, which established the rate up to January 1, 1934. It was only after that contract was rescinded and the rate therein provided terminated that the Public Service Commission, under the rule enunciated in *City of New York* v. *Maltbie (supra)*, became vested with authority to fix a rate. This was not done until the forty-dollar rate became effective on March 1, 1936. Thus, between January 1, 1934, and February 29, 1936, there was no established rate in existence for the plaintiff's

services either as fixed by contract or by the Public Service Commission. The city is, therefore, liable for such service on the basis of the fair and reasonable value thereof.

That the plaintiff furnished water to the city prior to January 1, 1934, *pursuant to a contract,* and subsequent thereto *without a contract,* was the view expressed by the Court of Appeals in *City of New York* v. *Maltbie (supra),* when it stated in its opinion (pp. 94, 95): " Prior to January 1, 1934, the respondent Jamaica Water Supply Company furnished water to the City for fire protection and other purposes. For such hydrant services the city by contract agreed to pay and did pay $45 per hydrant per annum. On or about January 10, 1934, the Commissioner, purporting to act under section 472 of the charter, without notice to the water company, suspended the rate of $45 per hydrant and fixed the rate at $18.50 per hydrant and offered to pay that rate to the water company. The water company refused to accept the reduced rate. It, however, continued to furnish hydrant service and billed the city for the same at the old rate. In so doing it acted without a contract with the city."

Neither the pleadings nor the memoranda submitted raise any question as to the *number* of hydrants for which the defendant must pay, the sole dispute being as to the *rate* of payment. It can, therefore, be accepted, as conceded, that the plaintiff rendered the services it claims it did. It, therefore, follows that the only issue remaining is the fair and reasonable value of the services rendered by the plaintiff to the defendant between January 1, 1934, and February 29, 1936. This should be determined at a trial before a referee or a court and jury. (*Livingston* v. *Blumenthal,* 248 App. Div. 138.) As for the period commencing March 1, 1936, and ending December 31, 1936, partial summary judgment is rendered in favor of the plaintiff at the annual rate of forty dollars per hydrant, and interest.

Proceed accordingly on notice.