GLOVE CITY AMUSEMENT CO., INC., Plaintiff, *v.* SMALLEY CHAIN THEATRES, INC., Defendant.

Supreme Court, Madison County, May 14, 1938.

*Howard M. Antevil,* for the plaintiff.

*Orange L. Van Horne [Theodore P. Feury* of counsel], for the defendant.

PERSONIUS, J. The complaint alleges two causes of action.

In a prior action for a permanent injunction brought by this defendant against this plaintiff, a temporary injunction was issued restraining this plaintiff, among other things, from interfering with the operation of the Hamilton Theatre by this defendant. Upon the granting of the temporary injunction this defendant entered into an undertaking for the payment of any damages caused by the temporary injunction. The first cause of action here is brought on this undertaking. The second cause of action is brought to

recover for the use and occupation of the theatre property by this defendant pending the temporary injunction.

It appearing from the pleadings that the temporary injunction was vacated and the complaint in that action dismissed, the plaintiff here is entitled to summary judgment on the first cause of action alleged. (7 Carmody, § 276; *Williams* v. *Montgomery*, 148 N. Y. 519, 524; *Fuller* v. *American Surety Co.*, 153 Misc. 432.) The plaintiff asks that an assessment of damages be had by a referee. (Rules Civ. Prac. rule 113.) That rule provides for an assessment by a referee, by the court alone, or by the court and a jury. It would seem that the defendant is entitled to an assessment by a jury. (*Livingston* v. *Blumenthal*, 248 App. Div. 138.) The plaintiff could have had the damages assessed under section 894 of the Civil Practice Act. However, it did not so proceed. Even under that section the assessment could have been by a writ of inquiry. There is an additional reason for the assessment by a jury. The second cause of action alleged in the complaint must be tried. The purpose of rule 113 is to expedite litigation. We think the disposition of this action will be best facilitated, at less inconvenience, expense and cost to both parties, by holding the assessment of damages under the first alleged cause of action in conjunction with the trial of the second alleged cause of action.

We now come to the motion to modify and limit the defendant's demand for a bill of particulars of the damages alleged in both causes of action. The plaintiff argues that, as it is entitled to a summary judgment under the first alleged cause of action, the defendant is not entitled to a bill of particulars therein. With this contention we cannot agree. " The provisions of rule 113 relating to assessments for damages have been likened to the provisions * * * providing for assessment of damages in cases where there is a failure to plead," and judgment may be entered only upon the application to the court. (*Frank* v. *Wolfe*, 166 Misc. 415, 416, citing *Livingston* v. *Blumenthal, supra.*) Upon an assessment of damages on default in pleading, a defendant who has appeared, as the defendant here has by answering, is entitled to appear, cross-examine the plaintiff's witnesses and offer testimony upon the question of damages and prove facts not amounting to a total defense but tending to reduce the plaintiff's damage. (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347, 351, 352.) In brief, the procedure in proving damages upon an assessment, either on a default or under rule 113, seems to be substantially the same as upon a trial. The purpose of a bill of particulars is, generally, to advise the defendant of plaintiff's claims, to enable the defendant to prepare to meet those claims, and to assist the court.

It is as necessary and useful upon an assessment of damages as upon a trial. We know of no authority forbidding the court to require a bill of particulars of damages merely because they are to be determined upon an assessment rather than at a regular trial.

It remains to examine the demands which the plaintiff asks to have modified or limited. By its motion it seeks to limit all the demands relating to the first cause of action. We have held that, although the plaintiff is entitled to a summary judgment as to the first alleged cause of action, the question of damages must be litigated and that the defendant is entitled to a bill of particulars of the damages there alleged.

In its brief the plaintiff asks that the following demands of the defendant be limited: Paragraphs 1, 2 and 3-g.

Ordinarily a party is not required to give the names of witnesses. The plaintiff seeks to recover for the services of attorneys. We think the defendant is entitled to know the names and addresses of these attorneys and the services rendered. The services of some attorneys may have greater value than the services of others. The services rendered should be stated generally in order to enable the defendant to prepare to make proof as to the value thereof. As to paragraph 2 of the demand, all of the information there sought seems to be matter of record, except the amount paid the receiver and the dates thereof. These items should be given. As to paragraph 3-g, we think compliance therewith would require the giving of the names of witnesses. These need not be given. The work of remodeling and alteration is covered by the other demands which are not objected to.

Submit order in accordance herewith.