CITY BANK FARMERS TRUST COMPANY, as Trustee under Deeds of Trusts Made by WILLIAM W. ASTOR and Others, and as Trustee under the Will of WALDORF ASTOR, Deceased, Respondent, v. THOMAS FERRARA et al., Appellants.

Fourth Department, March 13, 1957.

*Victor Levine* for appellants.

*Richard T. Mosher* and *Francis O. Mayer* for respondent.

*Per Curiam.* This litigation grows out of a lease made in November, 1949 between plaintiff's predecessor in title, as lessor and the defendants as lessees. The agreement demised premises for a term of five years commencing January 1, 1950 with a monthly rental of $700. Subsequently, the defendants assigned their interest in the lease to third parties. This was done with the written consent of the landlord and upon condition that defendants should remain liable for the payment of the rent and the performance of all other covenants of the lease. The assignees defaulted and were evicted. The liability assumed by the defendants by one of the lease provisions was to pay the deficits between the reserved monthly rent and the monthly amount the landlord collected and received or might with due diligence have collected and received.

It appears from the complaint that the premises were vacant from April 1, 1953 to July 30, 1954. In April, 1954 the premises were leased to a new tenant for a term commencing on August 1, 1954 at the reserved annual rental of $7,200. When plaintiff moved for summary judgment it was disclosed that the actual rental was $7,200 annually plus 3% of all sales of the tenant in excess of $150,000 per annum.

We conclude that summary judgment was properly granted but Special Term erred in limiting the issues to be litigated in the proceeding for assessment of damages. We believe that defendants should be permitted to fully litigate the question of the damages sustained by plaintiff.

It appears from the moving papers that the premises remained vacant for 16 months after re-entry by the landlord. During that period the latter received several offers from prospective lessees. Most of these offers consisted of a base annual rent plus a percentage of all annual sales in excess of a stated amount but plaintiff has not supplied facts concerning the annual sales of either such prospects or of the tenant with whom the lease

254

was made. It might be found that some of the offers rejected many months before the new tenant took possession were equal to or more favorable than the one eventually accepted. Such a finding, of course, would reduce the amount of defendants' liability if it should be concluded that in the exercise of due diligence plaintiff should have accepted one of the earlier offers. All of this information is solely within the knowledge of the landlord and has not been made available to the court or the defendants. Similarly, plaintiff submitted affidavits from real estate agents containing mere conclusory statements as to the efforts made to relet the property. None of these facts are within the knowledge of the defendants and they are entitled to fully cross-examine plaintiff's witnesses and explore its documentary evidence. (Cf. *Warren* v. *Commercial Travelers Mut. Acc. Assn.,* 271 App. Div. 989.)

We further conclude that in the light of the facts here presented the proper exercise of the discretion of Special Term should have provided for an assessment of damages by the court and jury, rather than by an Official Referee (cf. *Livingston* v. *Blumenthal,* 248 App. Div. 138).

The order should be modified in accordance with this opinion and, as modified, affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Order modified in accordance with the opinion and, as modified, affirmed, with $10 costs and disbursements.