■ BURLINGTON INDUSTRIES, INC., Respondent, v. EASTERN EXPRESS, INC., Appellant.— Order entered February 9, 1965, granting plaintiff's motion for summary judgment and for the appointment of a Referee to assess damages, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of directing the Referee to hear and report instead of determine, and, as so modified, the order is affirmed, with $30 costs and disbursements to plaintiff-respondent. In this action against an interstate carrier to recover alleged overcharges for the transportation of a series of 436 separate shipments of knit piece goods, defendant's liability has been clearly established and sum-

mary judgment was properly granted. The Interstate Commerce Commission has indicated the rates applicable to three classes of the shipments, and the assessment of damages will require what is essentially the mechanical function of examining 433 sets of shipping documents and comparing them with the three sample sets reviewed by the commission. In these circumstances, and as no issue is discernible to the resolution of which a jury can constructively contribute, determination of damages by the court, with the assistance of a Referee to hear and report, appears the advisable procedure (CPLR 3212, subd. [c]; 4311; *Livingston* v. *Blumenthal,* 248 App. Div. 138; *Alexander's Dept. Stores* v. *Ohrbach's,* 269 App. Div. 321, 325; but cf. *Frank* v. *Wolfe,* 166 Misc. 415; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.07). Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.