Bentley Kassal, J.
The issue on this motion is whether the defendant is entitled to a bill of particulars and an examination before trial on the question of damages, where the plaintiff has been awarded summary judgment on the issue of liability and a hearing scheduled for the assessment of damages.
Plaintiff’s suit is for $8,872.20 as the reasonable value of work, labor and services by way of legal printing ordered from plaintiff by defendant’s attorneys. After defendant served an answer and demand for a bill of particulars, plaintiff moved for partial summary judgment on the question of liability and this motion was granted on October 5, 1971 by Judge Lane of this court, who ordered a hearing on November 18, 1971 on the question of damages. No bill of particulars was ever served. On October 8, defendant by letter asked for the bill of particulars, and on October 29, he served a “Notice” to take plaintiff’s deposition on November 10, 1971, eight days before the scheduled hearing. The demand and “ notice ” were both rejected, and defendant now moves to direct plaintiff (1) to serve a bill of particulars and (2) to have an examination before trial.
I
The first question is whether defendant is entitled to a bill of particulars on damages in regard to a “ fully itemized schedule of the work, labor and services performed by plaintiff ” and the “ amount charged for each and every item ” (Items 4 [a] and [b] of the original demand). In my opinion, he is.
At an assessment of damages, a defendant who has appeared by answering is entitled to appear, cross-examine and offer testimony upon the question of damages, for the purpose of assisting the court in fixing the real damages suffered by the *77 plaintiff. (McClelland v. Climax Hosiery Mills, 252 N. Y. 347 [1930].) In Glove City Amusement Co. v. Smalley Chain Theatres (167 Misc. 603 [Sup. Ct., Madison County, 1938]) part of the claim was for attorney’s fees. The court held that in order for the defendant to prepare for the hearing on damages, he was entitled to a bill of particulars as to services rendered, “stated generally”. The court stated (167 Misc. 604-605): ‘ ‘ The purpose of a bill of particulars is, generally, to advise the defendant of plaintiff’s claims, to enable the defendant to prepare to meet those claims, and to assist the court. It is as necessary and useful upon an assessment of damages as upon a trial. ’ ’
The two cases cited by defendant do not counterweigh these considerations. In American Assocs. Enterprises v. Ungerman (10 A D 2d 758 [3d Dept., 1960]) the Appellate Division rejected defendant’s demand for the “unit cost” of each and every item used in the construction of a $45,000 house as ‘ ‘ unreasonable and oppressive ”. The court held that “ Plaintiff is not bound to prove the cost of each item in order to show ‘ the reasonable value of said work, labor and services, and materials furnished ’ ” (emphasis of the court). However, the plaintiff was ordered to state the value of each item as to which it intended to offer proof. The second case relied upon, Feiderlein v. Faiella (54 N. Y. S. 2d 114 [1945]), was a negligence action for injuries resulting from a hairdresser’s application of a “ cool wave permanent ”. The court refused to order a bill of particulars detailing the specific acts of negligence, because the theory of the plaintiff’s case was res ipsa loquitur-, thus, such specific acts would not be part of the plaintiff’s proof.
Defendant’s request herein for a bill is both reasonable and relevant. Accordingly, the first part of the motion is granted and plaintiff is directed to supply a bill of particulars as to damages only, which is covered by items 4(a) and (b) of the demand.
n
Defendant also seeks an oral examination of plaintiff on the question of damages. Defendant argues that his right to examine the plaintiff is analogous to his right to a bill of particulars, citing CPLR 3117 and the case of Shemitz v. Junior Center (74 N. Y. S. 2d 34 [City Ct., N. Y. County, 1947]) also relied on by plaintiff. CPLR 3117 sets no standards as to the right to take such depositions; however, in Shemitz, the court stated that such a motion, prior to assessment, can be entertained if the examination is “material and necessary”. (See CPLR 3101, subd. [a].) In Shemitz, the application was by the plaintiff, *78 and since the only issue was the reasonable value of legal services the plaintiff had performed, the court denied the motion on the ground that he should be able to testify adequately without examining the defendant. Union Folding Box Corp. v. Bell (18 A D 2d 814 [2d Dept., 1963]) is also distinguishable. In this case the court denied plaintiffs’ motion for an examination under section 293 of the Civil Practice Act (now CPLR 3102, subd. [d]), since no final judgment had been entered, but said that if they had acted more promptly, they might have secured the right to examine under other provisions of the Civil Practice Act and Shemitz.
Rule 2900.16 of this court (22 NYCRR 2900.16), cited as authority by both parties, is not applicable, since technically this case was not put on a trial calendar via a notice of trial filed pursuant to CCA, § 1301. Subdivision (d) of this rule does prohibit any subsequent examination except with permission under unusual and unanticipated conditions, but this provision also assumes that once a notice of trial is filed, any requested bill of particulars has been served and all preliminary proceedings and examinations have been completed, as stated on the face of the notice.
In the instant case, the motion for summary judgment cut off the opportunities for disclosure which the nonmoving party would otherwise have had, had the case proceeded routinely to trial. And, in effect, a “ trial ” on damages still lies ahead of defendant, with no disclosure having been afforded him. It seems only fair that if such examination is “ material and necessary ”, it should be permitted. (CPLR 3101, subd. [a]; Shemitz, supra; Union Folding Box Corp., supra.)
In view of the fact that a large sum of money is claimed, $8,872.20, and it was not the defendant who personally ordered the printing, I am permitting him to examine the plaintiff but only as to damages.
Accordingly, defendant’s motion is granted as follows: (1) Plaintiff is directed to serve and file a bill of particulars, as to items 4 (a) and (b) within 10 days after service of a copy of this order with notice of entry. (2) Plaintiff is directed to appear for examination on damages only at this court, 111 Centre Street, in Special Term Part 2 at 10:00 a.m. on January 4, 1972. (3) The assessment of damages is rescheduled for January 25, 1972 at 9:30 a.m.