■ LAQUIDARA, INC., et al., Respondents, v VAN BUSKIRK BUILDERS, INC., Appellant. (And Five Other Actions.) — Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered August 13, 1981 in Saratoga County, which, *inter alia,* referred the claims of plaintiffs Laquidara, Inc., Dagostino Building, Inc., and Thomas A. Galante & Sons, Inc., to a referee. Defendant Anthony Van Buskirk was president and sole stockholder of both of the defendant Van Buskirk construction corporations, now defunct. On October 19, 1979, Van Buskirk Builders, Inc., contracted to erect and install a 25-ton press upon premises owned by the General Electric Company in Schenectady, New York. Because Van Buskirk was engaged in other contractual obligations, he hired plaintiff Laquidara, Inc., to do the work required by the contract. Plaintiffs Dagostino and Galante also provided services and supplies in connection therewith. Upon the installation of the press, General Electric paid Van Buskirk the full contract price. However, Van Buskirk failed to pay Laquidara, Dagostino and Galante. The last three named corporations began various actions against Van Buskirk and his corporations, claiming a diversion of corporate assets to his own use to prevent payment to these plaintiffs. Plaintiffs filed a *lis pendens* against property on which Van Buskirk was then building a house, contending that the house was being built with diverted funds, and sought to impress a trust thereon pursuant to article 3-A of the Lien Law. Schenectady Savings Bank had a $60,000 mortgage on this property and vacious mechanics' liens had been filed against it. The bank threatened to foreclose its mortgage and defendant conveyed the property to a friend, Janet B. Hildreth. A purchaser was found for the property and Hildreth requested the court to vacate the liens and claims and attach them to the proceeds of the sale so that the sale could be completed. With no opposition to the motion, Special Term directed the sale, the satisfaction of the mortgage and payment into court of any surplus money, and appointed a referee "to determine the priority of the claims against said fund, and to report to the court thereon." The first report of the referee recommended payment of the mechanics' liens only. When certain claimants objected, Special Term referred all claims to the referee for a hearing. After the hearing, held on June 2, 1981, the referee again recommended payment of the mechanics' liens, but decided that the plaintiffs' claims required a plenary trial. When one of the mechanics' lienors moved to confirm this report, its motion was supported by defendants and opposed by plaintiffs. Special Term confirmed that part of the report recommending payment of the mechanics' liens and referred plaintiffs' claims to the referee for determination and report. Defendants appeal that part of the order directing the remand, on the ground that the original order directed the referee to determine "the priority of the claims" and not "their validity". Defendants argue that it was this limitation that prompted their consent to the reference. The position of defendants is untenable. The court's direction to the referee to decide "the priority" of the claims necessarily includes a determination of their "validity". Therefore, having failed to object to the reference originally, defendants cannot now urge that such failure was predicated on their understanding that only the "priority" of the claims would be determined. Furthermore, even without consent, Special Term did not abuse its discretion under CPLR 4212 by ordering a reference to determine the distribution of the surplus money remaining after the sale of the property so that payment could be made as quickly as possible. Finally, defendants' present demand for a bond appears

to be an afterthought, without legal necessity or prior request. The relief demanded by defendants was properly denied by Special Term and its order should in all respects be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.