■ SOCRATES BIMBALAS, Respondent, v NICHOLAS MARGARITIS, Also Known as NICK MARGARITIS, et al., Appellants. [636 NYS2d 955] —Mercure, J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered October 19, 1994 in Broome County, which granted plaintiff's motion to confirm a Referee's report, (2) from an order of said court, entered December 2, 1994 in Broome County, which granted plaintiff interest from January 1, 1988, and (3) from the judgment entered thereon.

Plaintiff and defendant Nicholas Margaritis operated defendant Atlas Maintenance Company, a commercial contract painting establishment, as partners for the calendar year 1987. In April 1988, plaintiff brought this action for an accounting and a division of the partnership assets. In the course of the litigation, the parties entered into a written stipulation, embodied in an order of Supreme Court, providing that: "the factual issue of the amount of the net profits or losses which arose from the operation of Atlas Maintenance Company during the year 1987 shall be tried and determined by an independent Referee, Stanley Pelter, CPA * * * that all decisions and determinations made by the Referee shall be binding upon all of the parties * * * that should other factual issues or any legal issues be raised during the course of the proceedings before the Referee, such issues will be resolved and determined by the Court * * * [and] that either party shall have the right to enter judgment in accordance with the determination of the Referee."

After several exchanges of profit statements and adjustments

between the Referee and the parties' accountants, in May 1994 the Referee issued his final determination fixing total partnership profits for 1987 at $201,350 and plaintiff's 40% share at $80,540, of which $59,049 was due and owing to plaintiff as of December 31, 1987. On plaintiff's motion, Supreme Court entered orders confirming the Referee's report and directing the payment of interest on the award from January 1, 1988. Defendants appeal both orders and the judgment entered thereon.

We affirm. Initially, we reject the contention that the Referee exceeded his authority in considering and deciding the questions of (1) whether the profits of Naftilos Painting & Sandblasting Company, a corporation controlled by Margaritis' wife, should be attributed to the partnership and (2) the allocation between the partners of penalties and interest incurred in connection with the untimely payment of 1987 partnership taxes. As determined by Supreme Court, the Referee was not required to address the mixed factual and legal issue of whether Naftilos was a separate business entity or an alter ego of the partnership. Rather, the determination to attribute Naftilos' income to the partnership was based upon the fact that Naftilos maintained no books or accounts and ran its transactions through the partnership's books, as submitted to the Referee. That determination, as well as the decision to terminate plaintiff's liability for interest and penalties at the time of the original filing or assessment of the 1987 partnership taxes, was an essential component of the overall calculation of net distributable partnership profits (*see*, CPLR 4301; *Goldstein v Sokel*, 194 AD2d 518, 519; *Laquidara, Inc. v Van Buskirk Bldrs.*, 87 AD2d 711).

As a final matter, we are not persuaded by defendants' contention that the Referee included interest in his determination of 1987 net profits and that, accordingly, Supreme Court's award resulted in a double recovery.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the orders and judgment are affirmed, with costs.