MARTA RIVERA, an Infant, by ELADIO RIVERA, Her Guardian ad Litem, Appellant, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents, et al., Defendant.

THERESA RIVERA, Appellant, *v.* PLAYSCHOOLS ASSOCIATION, INC., et al., Respondents.

First Department, June 14, 1960.

*Gerald P. Halpern* of counsel (*Jessel Rothman* with him on the brief; *Halpern & Rothman,* attorneys), for appellants.

*Fred Iscol* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for the Board of Education of the City of New York, respondent.

*James M. McLaughlin, Jr.,* of counsel (*Galli, Terhune, Gibbons & Mulvehill,* attorneys), for Playschools Association, Inc., and another, respondents.

STEVENS, J.   This is an appeal from a judgment which dismissed the complaints in consolidated actions for personal injuries and for loss of services upon motions of all the defendants except the City of New York, following the plaintiffs' opening statement to the jury.   A cause of action against the city for malpractice was not dismissed and is not in issue on this appeal.

The question to be determined is whether the trial court could properly nonsuit the plaintiffs upon the record before us which consists of the pleadings, opening statement, oral motions and arguments.   For unless the facts as alleged in the complaint and the opening statement are such as to preclude any possibility of recovery, a dismissal after an opening to a jury is premature.

The law is that such a dismissal or nonsuit can only be granted if it can be demonstrated either " (1) that the complaint does not state a cause of action or (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly admitted as a fact, or (3) that the learned counsel for the plaintiffs, in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit " (*Hoffman House* v. *Foote,* 172 N. Y. 348, 350).   " It is well settled that no complaint should be dismissed on the opening statement of counsel unless it appears beyond doubt

that no question of fact is involved; that, accepting as true all the facts stated on the opening and resolving in plaintiff's favor all the material facts in issue, plaintiff nevertheless is precluded from recovery as a matter of law; and that if there be any doubt as to a defendant's right to a dismissal on the law, plaintiff should be put to his proof." (*Runkel* v. *City of New York*, 282 App. Div. 173, 175.)

In essence, the complaints charge a breach of a duty owed to the plaintiffs in failing to use reasonable care in the selection of certain personnel, in failing to supervise properly certain activities, and in the furnishing, negligently, of improper, dangerous and unsafe equipment.

The infant plaintiff, then 12 years of age, was in attendance at a summer school jointly operated by the defendants at Public School No. 33 in Manhattan. At the time of the occurrence complained of, she was part of a group of 15 to 24 Spanish-speaking children between 10 and 12 years of age. The group was normally supervised by a temporary science teacher and assisted by a Miss Sobel who held no teacher's license. Neither person spoke Spanish. On the day in issue, during a play period in the gymnasium, Miss Sobel directed the children to play a game known variously as "Bombardment", "Low Ball" or "Cannon Ball". In this activity the children are divided into two teams on either side of a dividing line and furnished with one or more balls. The aim of the game is to throw the balls at members of the opposite team so that it will touch them below the waist, thereby eliminating them, until the game is completed.

According to the opening statement, proper practice among physical education experts prescribes that the game be played with a volley ball, thrown two-handed and that supervisors stand on the dividing line to see that the ball is not thrown too hard or above the waist. Proper practice also precludes a division of teams by gender in the 10 to 12-year age group.

Miss Sobel allegedly assigned the boys, who outnumbered the girls, to play against the girls. After instructing the children to start the game, Miss Sobel went to the other end of the gym and sat down. Despite a prior warning some children consistently threw above the waist and were not limited to a two-handed toss. According to the complaints and bill of particulars, the children were furnished with three hard balls, smaller than volley balls. According to the opening statement, however, they were described as the size of softballs or somewhat larger than baseballs.

After a few minutes of play, the infant plaintiff was eliminated. Before she was able to move off the play area, one of the opposing boys, despite her protest, hurled one of the balls at her head. She was struck in the left eye and subsequently lost the sight in the eye.

These are the facts which the plaintiffs intended to prove. Accordingly, at this posture of the case, there was at least presented the possibility that the plaintiffs would be able to establish a prima facie case. First of all, the complaint based upon a failure to provide proper supervision is actionable (*Lopez* v. *City of New York*, 4 A D 2d 48, affd. 4 N Y 2d 738; Education Law, § 2560). Second, the alleged facts indicate at least the possibility that the playground instructors acted negligently in failing to properly supervise the activity and in failing to furnish proper equipment. Third, it cannot be said, as a matter of law, that the claim of lack of supervision was not the proximate cause of the accident. While causation is usually one of the most difficult obstacles to recovery in cases of this nature, it may well be that the evidence presented will show that the accident was reasonably foreseeable under the circumstances and that proper supervision and the furnishing of proper equipment might have prevented the accident (cf. *Ohman* v. *Board of Educ. of the City of N. Y.*, 300 N. Y. 306). Lastly, while there were allegedly certain inconsistent statements made as to the nature and size of the ball, it cannot be said that these statements were such admissions as to justify a nonsuit (*Hoffman House* v. *Foote*, 172 N. Y. 348, *supra*). At most they present issues of fact which at this point are not fatal to recovery. The dismissal by the trial court was improper.

Accordingly, the judgment should be reversed on the law and on the facts, with costs to plaintiffs-appellants and a new trial ordered.

BOTEIN, P. J., BREITEL, VALENTE and McNALLY, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and a new trial ordered, with costs to the appellants.