Thomas J. Angelo, Doing Business as Mohican Realty Company, et al., Respondents, v. Laremet Corporation et al., Appellants.

Third Department, May 18, 1965.

*John S. Hall* for appellants.

*Thomas J. Angelo,* in person, and *Robert S. Stewart* for Thomas J. Angelo and another, respondents.

*Per Curiam.* This is an appeal by defendants from that part of an order granting summary judgment and appointing a Referee to assess the damages as to the first three causes of action.

It was alleged in the first cause of action that the plaintiffs were entitled to real estate brokers' commissions as the result of a lease negotiated on behalf of the defendant Laremet Corporation.

The defendant Kenneth H. Freebern was the assignee of the said lease and agreed to pay real estate brokers' commissions and attorney's fees.

In an answering affidavit made by the defendants " they absolutely and categorically deny any agreement to pay the plaintiffs a five percent commission or any other amount and it is respectfully submitted that the exhibits themselves will show that no amount was agreed upon and that there is present here at least a question of fact as to the amount due ",

The second and third causes of action are for attorney's fees of the plaintiff Thomas J. Angelo and in their affidavit the defendants admit "that he [Angelo] is entitled to reasonable compensation for that [legal] work, but submit that the amount that he demands for the work that he did is so high as to shock the conscience of the Court".

In our opinion the record presents no triable issues except as to damages.

It has been our practice, due to the availability of Judges since court reorganization, to have all controverted matters tried at Trial or Special Term even though, as here, the statute permits the appointment of a Referee. (See *Matter of River Troy Realties* v. *Commissioner of Assessment & Taxation of City of Troy*, 17 A D 2d 999; *Wolfson* v. *McGraw & Co.*, 18 A D 2d 905.)

In *Livingston* v. *Blumenthal* (248 App. Div. 138, 140–141) the court stated:

"Had the direction for summary judgment not intervened in this case, defendant would have been entitled as a matter of right to a jury trial upon the issues. (Civ. Prac. Act, § 425.) The defendant had not done anything or omitted to do any act which constituted a waiver of such right. (Civ. Prac. Act, § 426.) The nature of defendant's opposition to this motion furnished a clear indication of his desire to have the assessment of damages by a court and jury should summary judgment be granted. We believe it is appropriate in a case such as this where damages are unliquidated and where the right to a jury trial of the action had not been waived, to direct the assessment of damages by a court and jury.

"The Special Term rightly ordered defendant's answer stricken out, but in the circumstances the order, in the proper exercise of the court's discretion, should have provided for an assessment of damages by the court and jury, rather than by a referee."

In *City Bank Farmers Trust Co.* v. *Ferrara* (3 A D 2d 252, 254) the Fourth Department cited *Livingston* (*supra*) and followed the First Department, saying: "the proper exercise of the discretion of Special Term should have provided for an assessment of damages by the court and jury, rather than by an Official Referee". (See, also, *Sannasardo* v. *Hartford Acc. & Ind. Co.*, 256 App. Div. 825–826.)

The order should be modified, on the law and the facts, by striking out the decretal paragraph providing for the appointment of a Referee, and directing the immediate trial of the issue of damages as to the first three causes of action before the

court and a jury at the May 1965 Trial Term of Supreme Court, Warren County, and, as so modified, affirmed, without costs.

REYNOLDS, TAYLOR, AULISI and HAMM, JJ., concur in *Per Curiam* opinion; HERLIHY, J. P., not voting.

Order modified, on the law and the facts, by striking out the decretal paragraph providing for the appointment of a Referee, and directing the immediate trial of the issue of damages as to the first three causes of action before the court and a jury at the May 1965 Trial Term of Supreme Court, Warren County, and, as so modified, affirmed, without costs.