THOMAS J. WATZKA, as Administrator of the Estate of JOSEPH WATZKA, Deceased, Appellant, v. WALLACE S. LaGRANGE et al., Defendants, and CITY OF KINGSTON, Respondent.— Appeal by the plaintiff from so much of a judgment of the Supreme Court, entered in Ulster County on February 5, 1971, as granted a motion to dismiss the complaint against the defendant City of Kingston and awarded costs to said defendant. This is an action for wrongful death. There is no dispute as to the relevant facts. Plaintiff's intestate was the operator of an automobile which was in collision with a tractor-trailer at the intersection of Route 32 (Flatbush Avenue) and Route 9W (West Chester Street) in the City of Kingston. He had been proceeding westerly on Route 32, and the tractor-trailer southerly on Route 9W. The decedent's wife, a passenger in his vehicle, was also killed in the accident. Separate actions were brought on behalf of each. At the conclusion of the trial the court dismissed the complaint in each action as against the City of Kingston on the ground that there was no proof that the city failed to use reasonable care in maintaining a traffic light in a flashing condition at the time and place of the accident. The cases were submitted to the jury as against the other defendants (owner and operator of the tractor-trailer) and verdicts of no cause of action were returned. There is no appeal from the jury verdicts. Nor is there an appeal from the dismissal of the complaint of decedent's wife, as against the defendant city. We are concerned solely with an appeal by plaintiff from the court's dismissal of his complaint as against the defendant city. It is conceded that at the time of the accident there was an overhead traffic signal maintained and operated by the city at the intersection and it was flashing red against traffic on Route 32 and flashing amber for traffic proceeding on Route 9W. It is undisputed that normally the light at the intersection was set for three-phrase signalling, i.e., red, amber and green, at fixed times. The light, however, became inoperative and was set on "flashing" on August

2, 1968 at about 7:30 P.M. and continued to be so operated to the time of the. accident on August 5, 1968, at about 12:15 P.M. An examination of the record in its entirety convinces us that the trial court properly dismissed the complaint as against the defendant city. The record reveals that at the time of the accident the light was flashing red for traffic proceeding in a westerly direction and amber for southbound traffic. There is no evidence that the city was negligent in relying on a flashing light to control the traffic at this intersection. Negligence cannot be inferred from the fact that the city had initially relied on a different type of traffic control. In order to establish liability on the part of the defendant city, it was necessary for plaintiff to show by expert testimony that the city acted unreasonably in attempting to control the traffic by means of a flashing light. We have examined the other contentions urged by plaintiff for reversal and do not find them persuasive. Judgment affirmed, with costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.