■ L. H. FEDER CORP., Appellant, v JOHN BOZKURTIAN et al., Respondents.—In consolidated actions in which plaintiff seeks an accounting and to recover for goods sold and delivered, etc., plaintiff appeals from so much of an order of Supreme Court, Kings County, dated October 22, 1974, as, upon reargument, (1) confirmed a Referee's report to the extent of (a) finding that no money is due from defendants to plaintiff with regard to plaintiff's causes for an accounting and goods sold and delivered and (b) dismissing said causes, (2) severed plaintiff's other causes and also defendants' causes, for trial, and (3) fixed the Referee's fee at $2,000. Order modified by deleting from the second, third and fifth decretal paragraphs thereof the words "and for goods sold and delivered". As so modified, order affirmed insofar as appealed from, without costs. When the trial on all the causes in these consolidated actions was about to begin, the trial court stated that "on agreement, the parties consent that the Court appoint a referee to hear and report to the Court as to the account between the parties hereto." The ensuing proceedings before a Referee followed and, by decision of the trial court upon a reargument of defendants' motion to confirm the Referee's report, the court confirmed the branches of the report which recommended that plaintiff's causes for an accounting and for goods sold and delivered be dismissed. The court's rationale as to the latter cause was that "The finding and report as to the account is necessarily dispositive of the plaintiff's claims for goods sold and delivered, being an integral part of the account." A referee has no power beyond that limited in the order of reference (CPLR 4311); he does not have the general jurisdiction in law and equity of the Supreme Court *(Matter of Brock,* 245 App Div 5; *Slack v McAtee,* 175 Misc 393; *Matter of Gonzalez [MVAIC],* 48 Misc 2d 958). Here, plaintiff agreed to a reference on the cause of action for an accounting, which was only one of its seven causes of action. By so doing it did not waive its right to a trial on its other six causes of action. The right to trial in due course is too vital to be deemed waived by implication. Whether the cause for goods sold and delivered may be encompassed within the issues of the accounting cause is a matter for the trial court to determine after hearing all relevant evidence at the trial on the remaining causes, i.e., other than that for an accounting. The cause for goods sold and delivered should not be preliminarily determined in the guise of confirmation of the report of a referee who went beyond her powers in recommending that that cause, not properly before her, be dismissed. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.