■ JUDITH KREUGER, Respondent, v MARTIN KREUGER, Appellant.—Appeal by the defendant husband, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated February 15, 1979, as denied his motion for a downward modification of the support and alimony provisions of a judgment of divorce between the parties. Order reversed insofar as appealed from, without costs or disbursements and matter remitted to Special Term for a hearing in accordance herewith. The parties settled the financial aspects of their divorce litigation and entered into an oral stipulation in open court that the husband would pay one half the net amount he received on any check from any source to the wife, of which $20 per week was to be for alimony and the balance for support of the three children of the parties. The stipulation was incorporated but not merged into the judgment of divorce, dated October 10, 1973. Sometime thereafter, the husband moved for a downward modification of the support provisions of the divorce judgment and to have the court fix a definite sum as his alimony and child support obligation. The husband claimed changed circumstances

in that since the divorce he had suffered an unanticipated decrease in his yearly earnings and the wife had obtained gainful employment. In opposition the wife contended that at the time of their stipulation the parties contemplated that she would obtain employment and that any loss of income was due either to the fact that her husband had stopped working at certain employment which he had formerly engaged in to earn extra money beyond his salary as a teacher or because he was now being paid off the books. By decision dated May 25, 1976, Mr. Justice Heller directed a hearing on the husband's motion, but for some unexplained reason the hearing had not been held as of July 7, 1977 when the Court of Appeals decided *Matter of Boden v Boden* (42 NY2d 210). When the case finally came on for a hearing before Madam Justice Duberstein (Justice Heller having left the Bench), she gave the parties the opportunity to submit briefs as to the impact of the *Boden* decision upon the issues in this case. After considering the matter Justice Duberstein concluded that the instant case presented issues of fact as to whether the alleged changes of circumstances were unforeseen and unreasonable and she therefore ordered the hearing to proceed as directed by Justice Heller. On October 25, 1978 the matter came on for a hearing before Mr. Justice Held and after listening to the opening of defendant's counsel, in which the same allegations of changed circumstances were made as those in the husband's original papers, he denied the application without hearing any witnesses. This was error. The law is firmly established that an application should not be denied based upon the opening of counsel unless, giving the applicant the benefit of all favorable inferences he is precluded from recovery as a matter of law (CPLR 4401; *Rivera v Board of Educ.,* 11 AD2d 7). The practice is disfavored, and if there is any doubt the applicant should be put to his proof *(Runkel v City of New York,* 282 App Div 173, 175; *Hoffman House v Foote,* 172 NY 348, 350). Hence, Special Term's denial of the husband's motion without holding a hearing amounted to a ruling that his allegations did not make out a prima facie case as a matter of law. Two other Justices of the Supreme Court had, however, previously held that those allegations were legally sufficient to require a hearing. The Justice at Special Term was therefore obliged by the doctrine of the law of the case to hold the previously ordered hearing and to resolve the disputed factual issues (see 1 Carmody-Wait 2d, NY Prac, § 2:64 *et seq.).* Although the law of the case established by an order of Special Term is not binding on the Appellate Division *(Walker v Gerli,* 257 App Div 249; *Klein v Smigel,* 44 AD2d 248, affd 36 NY2d 809; *Adelphi Enterprises v Mirpa, Inc.,* 33 AD2d 1019), we conclude that a hearing should be held in this case for the reasons stated by Madam Justice Duberstein. We have considered the defendant husband's other contentions and find them to be without merit. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.