■ LILLIAN M. KEOWN, Respondent, v JANICE K. WRIGHT, Appellant, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered October 1, 1981 in Tompkins County, which granted plaintiff's motion pursuant to RPAPL 911 for the appointment of a referee in an action for partition. Plaintiff seeks to have partitioned real property which she and her daughter, defendant Janice K. Wright, purchased as joint tenants. The complaint alleges "all of the parties to this action are of * * * sound mind". Defendant's answer denies this, but contains no affirmative defense asserting plaintiff's incompetency. The daughter answered plaintiff's motion for an order appointing a referee to take proof of plaintiff's interest in the premises, in contemplation of its sale, with affidavits charging that the mother was incompetent, senile, and incapable of comprehending the partition action. When Special Term granted the reference, she appealed. Plaintiff's alleged incompetency should have been pleaded as an affirmative defense (see CPLR 3018, subd [b]). It not having been properly raised, it is not preserved for appellate review (*Geary v Dade Dev. Corp.*, 62 AD2d 1083; *De Lisa v Amica Mut. Ins. Co.*, 59 AD2d 380, 382). More importantly, plaintiff's claimed incompetency does not constitute a defense in this action for partition (*Bernstein v Bernstein*, 188 App Div 276, 278; *Lehman v Lehman*, 113 Misc 180). A person not judicially declared incompetent may sue or be sued just as other members of the community (*Sengstack v Sengstack*, 4 NY2d 502). After observing that it had jurisdiction now, as at any time, upon a proper petition to investigate the issue of plaintiff's incompetency, Special Term justifiably found that the record disclosed no sufficiently serious condition warranting further judicial investigation into plaintiff's mental capacity. It has heretofore been the policy in this judicial department to have all controverted matters determined at Trial or Special Term, despite statutory authority permitting

appointment of a referee (*Angelo v Laremet Corp.*, 23 AD2d 191, 192; see, e.g., *Matter of Blank v Premium Gas Serv.*, 80 AD2d 929). The rationale for that practice was the ready availability of Judges. However, surging criminal and civil litigation in other sections of the State, coupled with the assignment of this department's Judges to help meet those needs, has occasioned a notable reduction in our judicial resources. We have, therefore, concluded that the policy announced in *Angelo v Laremet Corp.* (*supra*) must be abandoned. Courts within the Third Department are accordingly no longer obliged to adhere to *Angelo's* constraints respecting the use of referees. Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.