OPINION OF THE COURT
■ Bernard Fuchs, J.
' In this CPLR article 78 proceeding plaintiff-petitioner (plaintiff) seeks an order in the nature of mandamus directing the Honorable Joseph P. Imperato, special referee to sign an order, in the form annexed to the petition. The order would direct the arrest of defendant-respondent (Dr. Buxbaum) and commit him to jail for contempt of court until a $33,879.72 fine is paid with interest and Sheriff’s fees. The Attorney-General appears on behalf of the special referee and cross-moves (or more properly moves, CPLR 7804, subd [f]) to dismiss the proceeding.
The petition was not served upon Dr. Buxbaum, but upon Yuter, Rosen and Dainow, Esqs., who by letter dated October 22, 1982, advised the court that they had represented Dr. Buxbaum in another matter but are not attorneys of record and have not been retained by Dr. Buxbaum in this matter. Dr. Buxbaum has not personally appeared. It will not be necessary, however, to consider the question of the court’s jurisdiction over Dr. Buxbaum.
*349 The petition alleges that a decree of divorce was granted to plaintiff against Dr. Buxbaum providing for “child support and other payments by defendant.” Dr. Buxbaum willfully refused to make the decreed payments. Plaintiff instituted various enforcement proceedings which resulted, initially, in a money judgment for $3,955, and then an order to attach Dr. Buxbaum’s secreted assets. Thereafter, Mr. Justice Bigler found that Dr. Buxbaum “ ‘admitted to dispersing his assets out of the State * * * in order to circumvent the order of this court’ ”. A further decision granted plaintiff a judgment for $5,148.55 of arrears.
Finally, after a seven-day hearing, the special referee (who was designated by Madam Justice Duberstein, a Justice of this court, “to hear and determine”) entered an order dated June 22, 1982 providing that “all prior Orders of the Court remain in full force and effect”; that Dr. Buxbaum “is guilty of contempt of court, for having wilfully disobeyed the provisions of the Judgment and prior orders of this court”, is in arrears a total of $33,879.72, “may purge himself of such contempt by paying the fine of $33,879.72 on or before 10:00 a.m., July 15, 1982,” and upon his failure to pay, the clerk was directed to enter judgment against Dr. Buxbaum for $33,879.72. The order then directed defendant (a) to appear for examination with his books and records so that plaintiff may “ascertain the location, form and disposition of all of defendant’s assets and income” and (b) “to totally vacate and surrender that area of marital premises •* * * occupied and used by him as and for his professional medical offices” and that (c) “upon the failure of the defendant, in whole or in part, to comply with the prior orders of this court a Warrant of Commitment may issue, without further notice to the defendant.”
The quoted language that a warrant of commitment “may issue” was changed from “shall issue” by the special referee. The latter form had appeared in proposed orders submitted for settlement by both sides and in the special referee’s memorandum decision of June 7, 1982 which directed settlement of an order. A memorandum of the special referee, dated September 17, 1982, states: “At this time, I decline to sign proposed ex parte order of commitment and suggest that plaintiff proceed diligently on the *350 execution of the money judgment. Should plaintiff be unsuccessful after due diligence in the execution of the money, plaintiff is granted leave to apply for a hearing by order, to show cause which will provide for personal service on defendant for an order of commitment.”
The vital question as it appears to this court was unfortunately not raised in argument. That question is whether this court may, in any circumstances, direct the special referee to sign a proposed order. CPLR 4301 provides that “[a] referee to determine an issue * * * shall have all the powers of a court in performing a like function”. (Emphasis added.) CPLR 4318 requires that “[u]nless otherwise specified in the order of reference, the referee shall conduct the trial in the same manner as a court trying an issue without a jury.” And CPLR 4319 directs that “[t]he decision of a referee shall comply with the requirements for a decision by the court and shall stand as the decision of a court’ (emphasis added). (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 4319.03.)
The special referee’s decision not to sign the proposed order is therefore a decision of this court. His authority to make that decision is the same as that of a Justice of this court. And the court clerk is required to enter judgment on the special referee’s order equally with that of a Justice (CPLR 5016, subd [c]) even in a matrimonial actiqn, when the special referee is, like this respondent, appointed by the Appellate Division. I am bound to respect the special referee’s decision and order as I would the decision and order of any Justice of co-ordinate jurisdiction. This court lacks jurisdiction to review the special referee’s action by mandamus (CPLR 506, subd [b]; Matter of Snee v County Ct. of County of Cayuga, 31 AD2d 303, 308). If mandamus lies against the special referee at all, it must be before the Appellate Division (CPLR 506, subd [b]).
In view of the foregoing, it will not be necessary to consider the issues argued by the parties.
The cross motion is granted and the petition dismissed.