■ FRANCESCO CALLA et al., Appellants-Respondents, v RENEE Y. BECKER, Respondent-Appellant, and CITY OF NEW YORK et al., Respondents. — In an action to recover damages for personal injuries, etc., (1) plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), entered February 3, 1983, as dismissed their action against defendants City of New York, Welsbach Electrical Corp. and Consolidated Edison Company of New York, Inc., without submitting the issue of their liability to the jury, and (2) defendant Becker cross-appeals from so much of said judgment as held her to be 25% liable for the accident. ¶ Judgment affirmed, insofar as appealed from by plaintiffs. ¶ Judgment reversed, insofar as appealed from by Becker, on the facts, and new trial granted on the issue of the proportionate liability of plaintiffs and defendant Becker. ¶ Respondents and respondent-appellant, appearing separately and filing separate briefs, are awarded one bill of costs. ¶ The case involves a collision between a car driven by plaintiff Francesco Calla westbound on Booth Memorial Avenue and a car driven by defendant Renee Becker southward on Kissena Boulevard in Queens. The traffic signal which normally controlled the intersection was not operating and stop signs were installed to stop the traffic on Booth Memorial Avenue. At trial, Mr. Calla testified that he stopped before entering the intersection and noticed Becker's car three quarters of a block away. He slowly proceeded into the intersection and his vehicle was struck by Becker's car. Becker testified that she stopped at the intersection because the traffic signal was broken, even though she did not have a stop sign facing her. She saw Mr. Calla's vehicle far up Booth Memorial Avenue. Thereupon, Becker slowly proceeded into the intersection, where the accident occurred. Becker testified that Mr. Calla's car was traveling at approximately 40 to 50 miles per hour just prior to the impact

and that Mr. Calla did not stop at the intersection. Two witnesses to the accident confirmed the events as related by Becker. ¶ The testimony given at trial, viewed in a light most favorable to plaintiffs, does not establish that defendant Becker was 25% negligent (see *Mansfield v Graff,* 47 AD2d 581). Accordingly, the jury's verdict, finding that Becker was 25% liable, was against the weight of the evidence and a new trial is therefore necessary (*Kasna v Rodriguez,* 84 AD2d 782). ¶ Plaintiffs did not prove that Consolidated Edison violated a duty it owed to them. Thus, they are precluded from recovery as a matter of law (*Palsgraf v Long Is. R. R. Co.,* 248 NY 339). Accordingly, the court correctly granted Consolidated Edison's motion to dismiss the complaint as to it (*Kreuger v Kreuger,* 78 AD2d 692; *Rivera v Board of Educ.,* 11 AD2d 7). ¶ The court's dismissal of plaintiffs' complaint against the City of New York and Welsbach Electrical Corp. was similarly proper as there was no evidence presented at trial to indicate that either was negligent (see *Watzka v LaGrange,* 42 AD2d 658). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.