OPINION OF THE COURT
Arthur D. Spatt, J.
This is a matrimonial action which was assigned to the Honorable John W. Burke for trial. An uncontested divorce was granted after an inquest before Justice Burke on July 5, 1984. All other outstanding issues, including the financial issues, were referred to a judicial hearing officer with the consent of the parties. This reference was effectuated by an order of this court dated July 19, 1984 (Spatt, J.) which provides, in part, as follows: “The said Judicial Hearing Officer is to hear and determine all the issues in this case, other than divorce. Trial is set down for October 11, 1984.”
On October 17, 1984, after several days on trial, the parties appeared before the judicial hearing officer and submitted a stipulation of settlement. A hearing was conducted with regard to this settlement. The stipulation of settlement was 18 pages in length, dated October 17, 1984, and executed by both parties before a notary. Both parties took the witness stand and testified as to their knowledge of and assent to the terms of the agreement. At the conclusion of the proceedings that day, the court ordered the parties to return to court at an adjourned date with a final order to be signed by the judicial hearing officer.
At the outset of the continued hearing held on November 13, 1984, the judicial hearing officer stated that the defendant wife had telephoned his home and stated that she was dissatisfied *529 with some terms of the stipulation of settlement. He advised the defendant that he would not discuss the matter with her and that she could make any statement she wanted in court on the next adjourned date.
The judicial hearing officer then heard testimony from the defendant as to the reasons why she sought to set aside the stipulation of settlement. Thereafter, defendant’s counsel moved to set aside the stipulation of settlement. After hearing argument from both counsel, the judicial hearing officer stated that he wanted memoranda of law from both parties as to his “authority to set aside the stipulation” on the ground of fraud.
On December 5, 1984, the judicial hearing officer ruled that he had jurisdiction to entertain defendant’s motion to set aside the stipulation of settlement. Despite plaintiff’s objection, the hearing proceeded. After testimony was taken, the judicial hearing officer granted defendant’s motion to set aside the stipulation of settlement and set a new trial date of January 16, 1985.
The instant motion was then instituted by plaintiff husband by order to show cause dated January 2, 1985 (Burstein, J.). Plaintiff moves for the following relief:
1. To declare that the judicial hearing officer exceeded his authority by conducting a hearing on the subject of whether or not a stipulation of settlement should have been set aside.
2. Staying all proceedings currently pending before the judicial hearing officer.
3. Declaring that the action is resolved and directing entry of a judgment of divorce, pursuant to the inquest before the Honorable John W. Burke on July 5, 1984, and the stipulation of the parties dated October 17, 1984.
4. Directing the defendant to execute all necessary papers to permit the parties to obtain a home equity loan.
5. Appointing a different judicial hearing officer.
6. Permitting the plaintiff husband to continue to comply with the support provisions of the stipulation of settlement until this matter is resolved; or, in the alternative, directing the defendant wife to utilize certain moneys in custodial accounts for the benefit of the children.
Despite the numerous issues raised by both plaintiff and defendant in their moving and opposition papers, this court’s inquiry is a limited one. The plaintiff contends, basically, that the judicial hearing officer, appointed by this court upon the consent of the parties to hear and determine “all the issues in *530 this case, other than divorce”, does not have the authority to determine whether a stipulation of settlement entered into before him should be set aside.
For the purpose of this motion, this court’s inquiry into the plaintiff’s multiple prayers for relief can be condensed into two questions:
1. Does the judicial hearing officer have the authority to vacate a stipulation of settlement entered into before him?
2. If the judicial hearing officer does have such authority, can this court review his substantive determinations and/or decisions?
Laws of 1983 (ch 840), which created the judicial hearing officer program, was introduced at the request of the Chief Judge of the State and the Chief Administrative Judge. The purpose of the measure was to implement the recommendations of the Chief Judge’s Committee to Utilize the Services of Retired Judges. The committee’s principal recommendation, codified by the legislation, was to permit willing former judges, certified as mentally and physically capable, to serve as judicial hearing officers. In that role, they were, among other things, to “be tapped to serve as referees in civil matters”. (Memorandum of Office of Court Administration, 1983 NY Legis Ann, at 362; see also, Governor’s Executive Memorandum on approving L 1983, ch 840, 1983 McKinney’s Session Laws of NY, at 2813.)
Laws of 1983 (ch 840) added article 22 to the Judiciary Law, and amended a number of provisions of the CPLR and CPL. With respect to civil proceedings, CPLR 105, 3104, 4301, 4312, 4313, 4315, and 4321, 7804 and 8003 were amended to incorporate judicial hearing officers in all the provisions that related to the role of referee. Significantly, CPLR 4301 provides that “[f]or the purposes of this article, the term referee shall be deemed to include judicial hearing officer.” Thus, in civil proceedings, judicial hearing officers possess the same powers as referees and may, therefore, be assigned to perform the same functions with the same authority as referees.
Referees properly assigned to determine issues in a civil case have powers identical to those of a Justice of the Supreme Court. (Buxbaum v Buxbaum, 118 Misc 2d 348 [Sup Ct, Kings County 1983]; 4 Weinstein-Korn-Miller, NY Civ Prac 1f 4001.4.) CPLR 4301 provides that a “referee to determine an issue * * * shall have all the powers of a court in performing a like function”. Section 4318 indicates that “[u]nless otherwise specified in the order of reference, the referee shall conduct the trial in the same manner as a court trying an issue without a jury.” CPLR 4319 *531 provides that “[t]he decision of a referee shall comply with the requirements for a decision by the court and shall stand as the decision of a court” (emphasis supplied).
Since the determinations of a judicial hearing officer are equivalent to those of a Justice of the Supreme Court, this court cannot interfere with his substantive decisions concerning the issues referred to him.[1] This court can, however, make a determination concerning the jurisdiction or authority of the judicial hearing officer.[2]
In the first instance, it is proper for this court to pass upon the issue of whether the judicial hearing officer had the authority to entertain certain issues in a case such as this in which the issues were delineated in an order of reference. A referee or judicial hearing officer’s authority is derived from the order of reference and is limited by its terms as well as by the statutes and rules authorizing the particular reference. (4 Weinstein-Korn-Miller, NY Civ Prac If 4311.03.) In addition, justices of this court have the authority to remove and appoint successors to referees and judicial hearing officers, where warranted. (CPLR 4314.)
When the particular powers or jurisdiction of the judicial hearing officer have been circumscribed by the order of reference, there should be no departure from the terms of the order, even at the request of both parties, without court approval. (4 Weinstein-Korn-Miller, NY Civ Prac If 4311.03.) The order of reference necessarily both prescribes and limits the authority and function of the referee or judicial hearing officer. A judicial hearing officer who attempts to determine matters not referred to him by the order of reference acts beyond and in excess of his jurisdiction. {See, Feder Corp. v Bozkurtian, 48 AD2d 701 [2d Dept 1975]; Korobkin v Chalek, 13 Misc 2d 582 [Sup Ct, Queens County 1958], affd 7 AD2d 924 [2d Dept 1959].)
This court’s power to make such a jurisdictional determination derives from the nature of referees and judicial hearing officers and their relationship to the court. In the case Matter of Starr (245 App Div 5 [2d Dept 1935]), the court examined the nature of the “official referee”, a position quite similar to that of a judicial hearing officer. Official referees were retired justices empowered by former provisions of the Judiciary Law to act as *532 Supreme Court Justices with respect to matters referred to them by a sitting justice and in accordance with other provisions of the law. This office was abolished by NY Constitution, article VI, § 35.
In Matter of Starr (supra, p 10), Justice Carswell discussed the nature and function of the official referee as follows: “An official referee * * * is required to be one who has had judicial experience; one who has mature and seasoned judicial discretion. In this respect he differs from an ordinary referee * * * The Special Term can limit a reference to an official referee to report with his opinion, or it may make the reference one to hear and determine except as-otherwise limited by the statutory exclusion of certain actions * * * The official referee does not act to the exclusion of the Supreme Court, but as a supplement to it and upon its consent * * * A new agency is created to supplement the machinery of the Supreme Court in the exercise of its jurisdiction. These statutes do not abridge or decrease the powers of the Supreme Court. They enlarge its capacity by enabling it to utilize, when it so desires, an experienced aide in the exercise of its functions.”
The primary duty and power of a judge is to determine controversies between litigants. This duty is a furtherance of the clear public policy of the courts to encourage parties to amicably resolve their disputes. Implicit and inherent in such power is the right to negotiate to settle the controversy and to resolve the matter by a stipulation of settlement. The judicial hearing officer certainly had the authority to negotiate and settle this lawsuit. Similarly, he had the authority to permit the parties to enter into a stipulation of settlement of the case on trial before him.
The defendant husband contends that the judicial hearing officer did not have the authority to vacate the stipulation of settlement herein. However, the defendant implicitly concedes that the judicial hearing officer had the authority to entertain the settlement of this case and to permit the parties to enter into the subject stipulation of settlement. In fact, by this motion, defendant moves to enforce the said stipulation.
Since a judicial hearing officer has the authority to entertain a settlement, by sound reasoning it clearly follows that the judicial hearing officer also had the authority to vacate a stipulation of settlement entered into before him. There is no statute or rule that prohibits such authority on the part of a referee or judicial hearing officer, nor is there such limitation in the order of reference. Absent any statute, rule or prohibiting order, logic *533 and common sense compel this court to rule that the judicial hearing officer in this case had the authority to vacate a stipulation of settlement entered into in the case on trial before him.[3]
Corroborative statutory authority can be found in CPLR 4318 and 4404 wherein a referee to determine can modify or set aside his own decision as well as entertain and grant a motion for a new trial. (See, 4 Weinstein-Korn-Miller, NY Civ Prac H 4001.04.)
This court finds that the judicial hearing officer in this case had the authority and jurisdiction to conduct a hearing with regard to an application to set aside a stipulation of settlement entered into before him based upon fraud or other grounds. Furthermore, after such a hearing, the judicial hearing officer had the authority, if he deemed it appropriate under the facts and the law, to vacate the subject stipulation of settlement.
Even though the stipulation of settlement was signed by the parties and agreed to in open court under oath on October 17, 1984, the judicial hearing officer directed that the parties appear at a later date and submit an order “covering the stipulation and all the items covered”. The order to be submitted would become the final decision of the judicial hearing officer after his signature was affixed to the order. This final order was never signed, and the action is still pending. Therefore, the judicial hearing officer retained jurisdiction in the case so that he could, if warranted, entertain a motion to set the stipulation aside.
A settlement agreement entered into by parties to a lawsuit does not terminate the action unless there has been an express stipulation of discontinuance or actual entry of judgment in accordance with the terms of the settlement. Absent such termination, the court retains its supervisory power over the action and, for instance, may lend aid to a party who had moved for enforcement of the settlement. (Teitelbaum Holdings v Gold, 48 NY2d 51 [1979].)
Accordingly, plaintiff’s motion to declare that the judicial hearing officer exceeded his authority by entertaining an application to vacate the subject stipulation of discontinuance is denied. Also, the court declines to stay the proceedings pending before the judicial hearing officer and directs that the matter proceed to trial forthwith.
*534 The court now turns to the plaintiff’s requests that this court enforce the alleged stipulation of settlement, declare the action resolved, direct the entry of judgment of divorce and other related relief. This court cannot entertain these prayers for relief. These issues were properly referred to the judicial hearing officer, and his actions with respect thereto can be reviewed only on appeal.
As noted above, the actions of judicial hearing officers or referees when they are assigned to determine an issue are tantamount to those of any sitting Supreme Court Justice. This court, therefore, has no authority to review the substantive determinations and decisions of the judicial hearing officer, as it would have no authority to review those of any other justice of coordinate jurisdiction. (Matter of Dondi v Jones, 40 NY2d 8 [1976]; Platt v New York & Sea Beach Ry. Co., 170 NY 451 [1902]; Kleinberg v American May flower Life Ins. Co., 106 AD2d 268 [1st Dept]; Kreuger v Kreuger, 78 AD2d 692 [2d Dept 1980]; Empire Mut. Ins. Co. v West, 22 AD2d 938 [2d Dept 1964]; Matter of Sutter French Confections, 17 AD2d 610 [1st Dept 1962]; Leumi Fin. Corp. v Wydler, Balin, Pares & Soloway, 60 Misc 2d 1021 [Sup Ct, Nassau County 1969]; 29 NY Jur 2d, Courts and Judges, § 496.)
The plaintiff’s recourse, if any, lies with an appeal to the Appellate Division. (Buxbaum v Buxbaum, supra; Hampton Bays Supply Co. v Adler, 3 Misc 2d 224 [Sup Ct, Suffolk County 1955]; Frank v Wolfe, 166 Misc 415 [Sup Ct, NY County 1938].)
The court notes that the same sanctity given the referee’s decisions following a reference to hear and determine in the above-cited cases should surely apply to judicial hearing officers who are not only former judges but also must be certified by the Office of Court Administration as mentally and physically capable.
There are additional reasons to afford the decisions of judicial hearing officers the same effect as a Supreme Court Justice. The referee generally conducts a trial or hearing in a private law office, using a private court reporter. The fees of the referee and the compensation of the reporter are paid by the parties to the lawsuit. Judicial hearing officers conduct their trials in the courthouse. The trial testimony is recorded by a Supreme Court official court reporter at no expense to the litigants. The compensation of the judicial hearing officer is paid by the State of New York. No similar provisions apply to trials before a referee. Thus, there are greater procedural safeguards with regard to a trial by a judicial hearing officer as compared to one before a referee.
*535 Furthermore, the court notes that there has been a reluctance on the part of some appellate courts to permit nonconsensual references to hear and determine. Even though CPLR 4317 (b) expressly provides for a reference to hear and determine certain cases without the consent of the parties, this type of relief has been only sparingly approved. Some appellate courts declined to permit references to hear and determine without consent on the ground that trials before Supreme Court Justices were available. (See, for example, the rule in the Third Department set forth in Angelo v Laremet Corp., 23 AD2d 191 [3d Dept 1965], which rule was abandoned 17 years later in Keown v Wright, 89 AD2d 932 [3d Dept 1982].)
Also, in this regard, there may have been a judicial reluctance to compel parties to leave the courthouse and try their cases before a lawyer-referee and be obliged to pay the fee of such referee and the expenses of the trial. This compulsory payment of fees by nonconsenting parties is now eliminated by the valuable judicial hearing officer program which furnishes a cadre of experienced, competent and willing judges to the hard-pressed Justices of the Supreme Court.
Finally, the court declines to appoint a different judicial hearing officer. In support of his application to remove the present judicial hearing officer, plaintiff has set forth certain allegations which, he contends, demonstrate that the judicial hearing officer “exhibited a predisposition or prejudice” and prevents plaintiff from obtaining a fair trial.
Although there is a paucity of precedents in this field, it is clear that a referee should be removed only for good and substantial reasons. (Shine v Fitzgerald, 14 NYS2d 169 [Sup Ct, Bronx County 1939].) In this case, the allegations raised by plaintiff, without any opportunity to refute on the part of the judicial hearing officer, would be better presented by a motion to disqualify made to the said judicial hearing officer. The denial of this motion is without prejudice to such a motion to disqualify, if deemed appropriate by plaintiff. In this regard, this court expresses no opinion as to the merits of such a motion.
The parties are directed to appear for trial before the judicial hearing officer on a date within 20 days of the date herein, to be fixed by the judicial hearing officer.

. See the more detailed discussion of this point infra.

. Authority as used in this regard has been defined to mean “power” or “the right to exercise power”; jurisdiction is the right of a court to exercise its powers or, in a particular case, the right of a court to exercise its power with respect to a particular matter; or the authority by which the court takes cognizance of and decides cases. (Black’s Law Dictionary [5th ed 1979]; Ballantine’s Law Dictionary [3d ed 1969].)

. Moreover, in a practical vein, the judicial hearing officer who listened to the testimony and observed the consenting parties to the stipulation would be in the best position to decide a motion to vacate the stipulation on the grounds of fraud and coercion.