OPINION OF THE COURT
Ralph Yachnin, J.
THE FACTS
An interesting question of first impression is before the court. It emanates from a bifurcated matrimonial action. At the commencement of the fault ground the attorney for the plaintiff wife moved that Irwin Underweiser, Esq., be excluded from acting as cocounsel to the defendant husband’s attorney. The grounds for this application were that Mr. Underweiser was the husband’s personal and business attorney and he also represented the wife on prior occasions. Thus, it was claimed, he was privy to certain confidential information which would *276 unduly prejudice the wife. It was further alleged that Mr. Underweiser would be called as a witness (and he subsequently was). The motion was granted and Irwin Underweiser, Esq., was not permitted to act as cocounsel.
After the court rendered its decision granting the divorce to the wife, the parties consented that the equitable distribution portion be referred to a Judicial Hearing Officer to hear and determine. Thereupon such officer was appointed by the Nassau County Administrative Judge "to hear and determine all issues in this matter.”
At the commencement of the equitable distribution hearing Mr. Underweiser made application to be allowed to be cocounsel during this proceeding. The Judicial Hearing Officer referred the matter back to this court to determine if this court retained jurisdiction to make such a ruling.
THE LAW
The question posed should not be whether this court retained jurisdiction to make such a ruling, but whether this court has any jurisdiction to act at all once the matter has been referred to a Judicial Hearing Officer to hear and determine all issues.
To start with, it is noted that the Administrative Judge’s order empowered the Judicial Hearing Officer "to hear and determine all issues in this matter” (underlining supplied). This in itself seems to be dispositive of the question for the said officer is empowered to determine "all” issues. It was for him to determine whether the court retained such jurisdiction to itself (CPLR 4311) especially in light of the order empowering him to determine all issues.
It may be averred, that based upon Lipton v Lipton (128 Misc 2d 528, affd 119 AD2d 809) only issues of a substantive nature were referred to the Judicial Hearing Officer, for the Lipton case (at 534) notes "the actions of judicial hearing officers or referees when they are assigned to determine an issue are tantamount to those of any sitting Supreme Court Justice. This court, therefore, has no authority to review the substantive determinations and decisions of the judicial hearing officer, as it would have no authority to review those of any other justice of coordinate jurisdiction. (Matter of Dondi v Jones, 40 NY2d 8 [1976]; Platt v New York & Sea Beach Ry. Co., 170 NY 451 [1902]; Kleinberg v American Mayflower Life Ins. Co., 106 AD2d 268 [1st Dept]; Kreuger v Kreuger, 78 AD2d *277 692 [2d Dept 1980]; Empire Mut. Ins. Co. v West, 22 AD2d 938 [2d Dept 1964]; Matter of Sutter French Confections, 17 AD2d 610 [1st Dept 1962]; Leumi Fin. Corp. v Wydler, Balin, Pares & Soloway, 60 Misc 2d 1021 [Sup Ct, Nassau County 1969]; 29 NY Jur 2d, Courts and Judges, § 496.)”
The use of the word "substantive” in the aforesaid quoted part should not be deemed as an antonym for "adjective”, but in the vein of something which is all encompassing. This connotation is mandated by the logic running throughout that decision. However, lest there be any doubt, then this court would extend the rule as set forth in Lipton (supra) so that the Supreme Court has no authority to review not only substantive determinations of Judicial Hearing Officers, but their adjective rulings as well when such officer is to hear and determine all issues in the matter.
To be sure, the aforesaid relates to a review of a Judicial Hearing Officer’s decision. While in the subject case, the court has been requested not to review but to make a decision which a Judicial Hearing Officer felt he was not empowered to do. The theory of the law applies equally to both and this court has no power to decide an issue which is being litigated before a court of coordinate jurisdiction. Any doubt that the hearing before the Judicial Hearing Officer is being held by a court of equal jurisdiction has been dispelled by Buxbaum v Buxbaum (118 Misc 2d 348; CPLR 4301).
It may further be alleged that whether the order barring Mr. Underweiser from acting as cocounsel was for the bifurcated part of the fault ground or for the entire case also bears upon this court’s decision. Yet quite the contrary is true for that determination is again for the Judicial Hearing Officer to make. He has no power to return the case to this court for further hearings. It is his responsibility to determine the question.