■ STEVEN A. GOLDSTEIN, Respondent, v HAROLD SOKEL,

Appellant. [598 NYS2d 308] —In an action, *inter alia,* for an accounting upon the dissolution of a partnership, the defendant appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated March 15, 1991, which, upon confirming a Referee's report, is in favor of the plaintiff and against the defendant in the sum of $7,096.05.

Ordered that the judgment is affirmed, with costs.

The defendant contends that the Referee, appointed by the Supreme Court pursuant to CPLR 4212, exceeded his authority in finding that the plaintiff did not violate a restrictive covenant in the parties' partnership agreement by sending to its clients a letter informing them of the impending dissolution. We disagree.

A Referee's authority is derived from the order of reference *(see,* CPLR 4311; *Lipton v Lipton,* 128 Misc 2d 528, 531, *affd* 119 AD2d 809; *see also, Feder Corp. v Bozkurtian,* 48 AD2d 701). While the Supreme Court's order of reference, dated December 20, 1988, limited the scope of the Referee's authority to rendering an "accounting of the assets of the partnership of the parties", it was necessary for the Referee to address the issue of whether the aforementioned letter amounted to a breach of the parties' restrictive covenant in order to render a full accounting of the partnership profits due and owing to the plaintiff *(cf., Feder Corp. v Bozkurtian, supra).* In any event, on the merits, the defendant's contention that the letter violated the restrictive covenant must be rejected.

We have examined the defendant's remaining contention and find it to be devoid of merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.