■ MICHAEL J. VOLK, Appellant, v CAROL VOLK, Respondent. [678 NYS2d 117] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Kings County (Platt, J.H.O.), entered June 16, 1997, as, upon the granting of those branches of the defendant wife's motion which were for (a) leave to enter a money judgment against him for arrears in medical insurance premiums and deductibles and (b) counsel fees, awarded the wife the sum of $6,625.60 for the arrears and awarded her attorney, Mark S. Helweil, $10,000 in counsel fees.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant wife's motion which were for (a) leave to enter a money judgment for arrears in medical insurance premiums and deductibles and (b) counsel fees are denied.

The order of the Supreme Court (Rigler, J.), dated August 6, 1996, which, *inter alia,* referred this matter to a Judicial Hearing Officer, only referred for a hearing that portion of the wife's application which was to have the husband held in contempt for his failure to comply with the parties' separation agreement. The remainder of her application, *inter alia,* for leave to enter a money judgment and for counsel fees was denied by the court, presumably on procedural grounds. Thus, in purporting to pass upon other aspects of the wife's application and, ultimately, in issuing an order for leave to enter money judgments in favor of the wife and her counsel, the Judicial Hearing Officer acted beyond the scope of the order of reference (*see, Marshall v Pappas,* 143 AD2d 979, 980; *Lipton v Lipton,* 128 Misc 2d 528, 531-532, *affd* 119 AD2d 809) and, in effect, attempted to reverse a portion of the order dated August 6, 1996. This was improper and therefore the judgment must be reversed insofar as appealed from. Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.