Manzo v Ford (2004 NY Slip Op 50893(U))

[*1]

Manzo v Ford

2004 NY Slip Op 50893(U)

Decided on August 13, 2004

Supreme Court, Greene County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2004

Supreme Court, Greene County
ANISTACIA MANZO, Plaintiff,
against
PAUL FORD, Defendant.
01-0580

Finkelstein & Partners, LLP
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, NY 12550
Joel Bossom, Esq. (of counsel)
Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.
Attorneys for Defendant
20 Corporate Woods Blvd.
Albany, NY 12211
Gerald S. Good, Esq. (of counsel)
Boies, Schiller & Flexner, LLP
Attorneys for Lionel Ford, as Conservator of the Property of Paul Ford
10 North Pearl Street
4th Floor
Albany, NY 12207
Karen Martino Valle, Esq. (of counsel)
John P. Kingsley, Esq.
Attorney for Paul Ford by Court Appointment
329 Main Street
Catskill, NY 12414

Thomas J. Spargo, J.
Plaintiff moves for an order substituting Lionel Ford, as Conservator of the Property of Paul E. Ford, as defendant in place of Paul Ford, and, alternatively, for appointment of a guardian [*2]ad litem for Paul Ford. Defendant cross-moves for an order dismissing the action for lack of jurisdiction based upon plaintiff's failure to serve the summons and complaint upon Lionel Ford, as Conservator of the Property of Paul E. Ford.
Plaintiff was injured as a result of an accident which occurred on August 18, 1999 when her car was struck by a car owned and driven by defendant Paul Ford. Discovery was completed and the case was scheduled to be tried on November 24, 2003 when these motions concerning the mental capacity and legal status of defendant Paul Ford were made. Resolution of these motions requires the court to review the procedural history of not only this action but also certain prior proceedings involving Paul Ford.
On June 18, 1988, Paul Ford suffered severe injuries when he was involved in an automobile accident. He was approximately 24 years old at the time but due to the nature of his injuries, including head injuries, his father, Lionel Ford, was appointed as guardian ad litem to commence a lawsuit in the United States District Court on Paul Ford's behalf. That lawsuit resulted in a settlement on May 6, 1991 providing for a lump sum payment of $3,032,533.03, together with monthly payments $2,840.00, increased at a 6% annual compound rate, for the rest of Paul Ford's life.
A proceeding was then brought in the Greene County Supreme Court to have Paul Ford declared judicially incompetent and/or substantially impaired in his ability to care for his person and property and to have Lionel Ford appointed his committee or conservator. A guardian ad litem was appointed for Paul Ford.
The Greene County Supreme Court, the Honorable George L. Cobb presiding, held a hearing on September 6, 1991 to consider Lionel Ford's application. At the hearing, Lionel Ford and his attorney, as well as Paul Ford personally, and his guardian ad litem, appeared.
In his decision and order, Judge Cobb held that:

"At the hearing, and on the record, the Petitioner, Lionel Ford, withdrew that portion of his application which sought the appointment of a Committee for Paul E. Ford, without prejudice to renew that part of the application, and, upon the withdrawal, all parties consented, on the record, to the appointment of Lionel E. Ford as Conservator for the property of Paul E. Ford."
The decision and order contained no judicial declaration that Paul Ford was incompetent and the conservatorship applied only to Paul Ford's property and not to his person.
The decision and order also limited the extent of the income and assets of Paul Ford to be placed under the conservatorship. It was agreed that Paul Ford would receive directly a lump sum of $25,000.00 per year, together with a monthly payment of $2,840.00, which he was free to spend in any manner he chose, except for a restriction as to the purchase of a motor vehicle:

" ... the Conservatee, Paul E. Ford, shall not have the right to use any of the monies paid directly to him for the purchase, rental, lease or use of any automobile, motorcycle, truck or other form of motor vehicle until Rosamund Gianutsos, Ph.D, ..., in writing, files a written evaluation with the Court certifying that the Conservatee's (sic) is able to safely operate a motor vehicle in the State of New York. Should any of said assets or income be used for the purchase, rental, lease or use of any automobile, motorcycle, truck or other form of motor vehicle, prior to the filing with this Court of a certification affirming Paul E. Ford's ability to safely operate a motor vehicle in the State of New York, the [*3]Conservator is hereby empowered and ordered to immediately place said vehicle under the Conservatorship."
Apparently Paul Ford was able to obtain the certification regarding his driving ability required by Judge Cobb because at the time of the August 18, 1999 accident which is the subject of this action, he was the licensed driver and owner of the car which struck Manzo's car. The car was also insured in his name alone.
On August 22, 2001, Paul Ford was personally served with a summons and complaint in this action. The affidavit of service contained a notation that Paul Ford was handicapped. The summons and complaint named only Paul Ford as a defendant. Lionel Ford, as the Conservator of at least a portion of Paul Ford's property, was neither named in the caption nor served with the summons and complaint.
Paul Ford apparently turned the summons and complaint over to his insurance company which retained the law firm of Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C. to defend Paul Ford.
In the verified answer served in September of 2001 on defendant's behalf, an affirmative defense was raised stating that the court "lacks jurisdiction over the defendant." The answer did not raise an affirmative defense alleging the disability of the defendant as would be required by CPLR § 3018(b) if such a defense was warranted and was intended to be pursued.
Plaintiff responded by serving a demand for a bill of particulars which required that the defendant set forth "the basis of your claim that the court lacks jurisdiction over the Defendant ...."
Rather than complying with the demand, Ford's attorneys responded that the "affirmative defense is a legal defense, determination of which is up to the Court."
Discovery was completed, including a deposition of Paul Ford, and a trial date was set. On July 14, 2003, a pretrial conference was held on the record. The attorney appearing for Paul Ford stipulated that Paul Ford was negligent in causing the accident and that the only issues to be tried were whether plaintiff suffered a serious injury and the amount of damages if a serious injury was proven.
Sometime after the pretrial conference, plaintiff learned of the limited conservatorship created in Judge Cobb's decision and order of 1991 and moved to have Lionel Ford, as Conservator, substituted as defendant for Paul Ford.
Paul Ford's attorneys responded with a cross-motion to dismiss, charging that plaintiff had never served the summons and complaint upon Lionel Ford, as Conservator, as required by CPLR § 309(c) and that the court therefore lacked jurisdiction over Paul Ford, as Conservatee. Counsel for Paul Ford argued "plaintiff has proceeded with litigation up until now against a judicially declared incompetent person" and that plaintiff:

"[C]annot now argue that they were unaware of the defendant's incompetence. The first thing counsel should have done upon receipt of the answer raising the affirmative defense that this Court lacks jurisdiction over the defendant, was to take steps to ascertain the basis for the defense. Since they failed to do so the doctrine of laches now estops them from asserting lack of knowledge of the defendant's incompetence."
Of course, as set forth earlier, plaintiff had served a demand for a bill or particulars seeking to ascertain the basis of the claimed jurisdictional defense and defendant's attorneys had [*4]refused to provide the requested particulars.
On November 24, 2003, upon application of Lionel Ford, this court ordered the creation of the Paul E. Ford Trust to receive and manage the assets formerly managed by Lionel Ford as Conservator under Judge Cobb's order.
The court has jurisdiction over the person of defendant Paul Ford. "A person not judicially declared incompetent may sue or be sued just as other members of the community" (Keown v Wright, 89 AD2d 932). A party may not declare himself to be incompetent and thus avoid an otherwise proper lawsuit (Sengstack v Sengstack, 4 NY2d 502, 509).
The decision and order of Judge Cobb made no declaration that Paul Ford was or is incompetent. The fact that a conservator was appointed "shall not be evidence of the competency or incompetency of the conservatee" (see, former Mental Hygiene Law § 77.25[b], now § 81.25; Butler v Town of Ramapo, 242 AD2d 570).
The application of Lionel Ford seeking a declaration of incompetency was withdrawn at the hearing and the limited conservatorship was created upon Paul Ford's consent. In fact, the decision and order made no finding that Paul Ford was impaired in any way and simply stated that a conservatorship was in Paul Ford's "best interests." The decision and order expressly allowed Paul Ford a means of driving, owning and insuring a motor vehicle outside of the restriction and control of the conservatorship.
It would pervert justice to allow a person to voluntarily agree to a conservatorship to protect his assets while also allowing the conservatee to own and operate motor vehicles free of the control of the conservator. The court finds that the limited conservatorship more closely resembles a trust than a true conservatorship. That finding is supported by Lionel Ford's successful application to have the limited conservatorship terminated and its assets transferred to the Paul E. Ford Trust.
Further, Paul Ford's attorneys inexplicably failed to raise the affirmative defense of Paul Ford's alleged disability in their answer despite their claimed knowledge of the disability. The defense was waived (CPLR § 3018(b); Braunsdorf v Haywood, 295 AD2d 731, 732; Trustco Bank New York v Cohn, 215 AD2d 840, 841; Keown v Wright, 89 AD2d 932).
Next, by refusing to provide a bill of particulars as to the defense of lack of jurisdiction, again despite his attorneys' apparent knowledge of the existence of the limited conservatorship, defendant is estopped from asserting the jurisdictional defense. Defendant's attorneys first refused to disclose the basis of the affirmative defense and then waited until after discovery had been completed, a note of issue had been filed and trial was imminent before moving to dismiss. Such willful and deliberate conduct cannot be countenanced.
The defendant's motion to dismiss is based upon a failure to serve the summons and complaint upon the Conservator, purportedly resulting in a lack of jurisdiction over Paul Ford (see CPLR § 309[c]). Plaintiff counters that, pursuant to CPLR 3211(e), a motion to dismiss based upon lack of jurisdiction was required to be made within 60 days after the answer was served in September of 2001 (see Aretakis v Tarantino, 300 AD2d 160).
Defendant argues that the Conservator was not served at all and that the 60 day time limitation of § 3211(e) applies only to a summons "not properly served" as opposed to one not served at all. Plaintiff contends otherwise, asserting that although Paul Ford may have been served improperly by serving him directly rather than serving his Conservator, service was [*5]indeed made.
The issue as to whether Paul Ford was served improperly or not at all is not dispositive. The court in State Farm Fire and Casualty Company v Firmstone (2004 NY Slip Op 06234 [3rd Dept July 29, 2004]), applied the 60 day requirement to an infant defendant who had never been served with a summons:

"Since an answer was interposed on the daughter's behalf and no motion was made either to withdraw her answer or for dismissal for lack of personal jurisdiction until more than two years later, the daughter would be deemed to have waived any objection to service by operation of CPLR 3211(e) unless undue hardship were demonstrated and Supreme Court granted an extension of time for making the motion to dismiss ...."
In the instant case, defendant's attorneys answered on behalf of Paul Ford and then waited over three (3) years to make their motion. They have offered no proof of an "undue hardship" (CPLR § 3211[e]) which would extend the defendant's time to move.
Finally, by stipulating on the record to the defendant's liability for negligence in causing the accident, Paul Ford's attorneys waived the defense of lack of personal jurisdiction.
Prejudice to plaintiff resulting from the actions of defendant's attorneys is obvious. The statute of limitations has expired and plaintiff would have no recourse for injuries she sustained in an accident which was admittedly caused by defendant.
The cross-motion to dismiss is denied.
In view of the court's exercise of jurisdiction over Paul Ford individually and the denial of the cross-motion to dismiss, the motion to substitute Lionel Ford, as Conservator of the Property of Paul E. Ford, as defendant, is denied.
In consideration of the claims regarding Paul Ford's competency, John P. Kingsley, who has served as court appointed attorney to Paul Ford with respect to these motions, is appointed guardian ad litem for Paul Ford (see Bryant v Riddle, 259 AD2d 399).
All papers, including this decision and order, are being returned to counsel for plaintiff. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.
This memorandum shall constitute both the decision and the order of the court.
IT IS SO ORDERED.
DATED: CATSKILL, NEW YORK
 AUGUST 13, 2004
 THOMAS J. SPARGO, JSC
PAPERS CONSIDERED:
Order to Show Cause, dated 10-30-03;
Affirmation of Steven A. Kimmel and exhibits, dated 10-27-03;
Notice of Cross-Motion, dated 11-13-03;
Affidavit of Gerald S. Good and exhibit, sworn 11-13-03;
Order to Show Cause, dated 11-20-03;
[*6]
Affirmation of Ann R. Johnson and exhibits, dated 11-18-03;
Affirmation of Ann R. Johnson and exhibits, dated 12-5-03;
Affidavit of Karen Martino Valle and exhibit, sworn 12-10-03;
Reply Affidavit of Gerald S. Good, sworn 12-15-03;
Reply Affirmation of Ann R. Johnson and exhibits, dated 12-11-03;
Supplemental Affirmation of Joel Bossom, dated 6-9-04;
Supplemental Affidavit of Karen Martino Valle, sworn 6-10-04;
Reply Affidavit of James A. Resila and exhibit, sworn 6-11-04.